**Beth Ann ROBERTS and Joe Wayne Church, Appellants,**

v.

**TXU ENERGY RETAIL COMPANY LP, and TXU Electric Delivery Company f/k/a Oncor Electric Delivery Company, Appellees.**

No. 09–05–017 CV.

Court of Appeals of Texas, Beaumont.

Submitted June 29, 2005.

Decided Aug. 25, 2005.

---

Douglas J. McCarver, Nacogdoches, for appellants.

Foster Reese, III, Maurice Owens, Jr., Hunton & Williams, LLP, Dallas, for appellees.

Before GAULTNEY, KREGER and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

Appellants Beth Ann Roberts and Joe Wayne Church present this appeal from a summary judgment that they take nothing on their negligence suit against appellees TXU Energy Retail Company LP, and TXU Electric Delivery Company f/k/a Oncor Electric Delivery Company (collectively referred to as TXU).[1] In a sole issue, appellants contend the trial court erred in granting TXU's motion for summary judgment because there are genuine issues of material fact. We conclude TXU was entitled to summary judgment as a matter of law and affirm the judgment.

---

1. Appellants also originally sued a third defendant, TXU Corp., but later omitted TXU Corp. from their second amended petition. See Tex.R. Civ. P. 65; *see also Randolph v.* *Jackson Walker L.L.P.,* 29 S.W.3d 271, 274 (Tex.App.-Houston [14th Dist.] 2000, pet. denied).

Mary and Eustace Butler were the foster parents of appellants' two sons. On November 1, 2002, TXU disconnected the Butlers' electricity for nonpayment of the electrical bill. That evening, the Butlers used candles to light their home. Due to the handling of a candle, a fire started and destroyed the Butlers' home. Tragically, appellants' sons were killed in the fire.

Appellants brought suit against TXU, claiming TXU's negligence in disconnecting the Butlers' electricity was the proximate cause of their children's deaths. TXU moved for summary judgment on traditional grounds, asserting they were entitled to judgment as a matter of law because appellants could not establish TXU's conduct proximately caused their children's deaths. See Tex.R. Civ. P. 166a(c). Appellants attempted to raise genuine fact issues by arguing TXU's disconnection of electricity caused the fire, and it was foreseeable that the Butlers would use candles for lighting and would create a danger. The trial court granted TXU's motion for summary judgment.

In a traditional summary judgment motion brought under Rule 166a(c), the movant has the burden of showing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215–16 (Tex.2003). We view all evidence in a light favorable to the nonmovant, and we indulge every reasonable inference in the nonmovant's favor. *Id.* at 215.

A defendant who disproves an essential element of the plaintiff's cause of action as a matter of law is entitled to summary judgment. *Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 476–77 (Tex. 1995). "After the defendant produces evidence entitling it to summary judgment, the burden shifts to the plaintiff to present evidence creating a fact issue." *Walker v. Harris,* 924 S.W.2d 375, 377 (Tex.1996).

The elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach. *Boys Clubs,* 907 S.W.2d at 477. Proximate cause is the only element at issue here. The two elements of proximate cause are cause in fact and foreseeability. *Id.* Cause in fact is established when the act or omission was a substantial factor in bringing about the injury, and without it, the harm would not have occurred. *Id.* Foreseeability "requires that a person of ordinary intelligence should have anticipated the danger created by a negligent act or omission." *Id.* at 478.

At some point in the causal chain, the defendant's conduct may be too remotely connected with the plaintiff's injury to constitute legal causation. *Union Pump Co. v. Allbritton,* 898 S.W.2d 773, 775(Tex.1995). In Union Pump, a pump caught fire at a Texaco Chemical Company facility. *Id.* at 774. *Allbritton,* an employee of Texaco Chemical, assisted in extinguishing the fire. *Id.* Two hours after the fire was extinguished, an emergency required Allbritton to go to another location at the facility. *Id.* Upon returning from that location, instead of taking a safer route, Allbritton walked across a pipe rack that was still wet from extinguishing the fire and was injured when she fell. *Id.* She alleged that Union Pump, by manufacturing a defective pump that caused the fire, which in turn led to the pipe rack's being wet an slippery, caused her injuries. *Id.* The Supreme Court held that the circumstances surrounding Allbritton's injuries were too remotely connected with the defective pump to constitute the cause in fact of her injuries. *Id.* at 776. The pump, by causing a fire, did no more than

create the condition that made her injuries possible. *Id.*

In *Bell v. Campbell,* two cars collided, and a trailer attached to one of them disengaged and overturned into the opposite lane. 434 S.W.2d 117, 119 (Tex.1968). A number of people gathered, and three of them were attempting to move the trailer when they were struck by another vehicle. *Id.* at 119. The Supreme Court held that the parties to the first accident were not a proximate cause of injuries in the second accident because:

> All acts and omissions charged against respondents had run their course and were complete. Their negligence did not actively contribute in any way to the injuries involved in this suit. It simply created a condition which attracted [the plaintiffs] to the scene, where they were injured by a third party.

*Id.* at 122. The Supreme Court's analysis in *Bell v. Campbell* remains viable, and was recently applied in *IHS Cedars Treatment Center of Desoto, Texas, Inc. v. Mason,* where the Supreme Court held that a patient's early discharge from a hospital was not the cause in fact of injuries the patient sustained in an automobile accident occurring approximately twenty-eight hours after discharge. 143 S.W.3d 794, 799, 800, 802 (Tex.2004).

■ Here, the circumstances surrounding the children's deaths were too remotely connected with TXU's disconnection of electricity to constitute the cause in fact of the deaths. *See Union Pump,* 898 S.W.2d at 775; *Riojas v. Lone Star Gas Co.,* 637 S.W.2d 956, 959(Tex.App.-Fort Worth 1982, writ ref'd) (holding defendant's act of disconnecting gas service for nonpayment was not proximate cause of plaintiffs' carbon monoxide poisoning). TXU's disconnection of electricity was not a substantial factor in bringing about the children's deaths because the children died as a re-

sult of a fire caused by the handling of a candle. Merely creating the condition that makes harm possible falls short, as a matter of law, of satisfying the substantial factor test. *Union Pump,* 898 S.W.2d at 776. We find there is no genuine fact issue concerning the cause in fact element. Therefore, we affirm the summary judgment.

AFFIRMED.