**Roy THRELKELD, Appellant,**

v.

**Gregory URECH, Appellee.**

No. 05–09–00631–CV.

Court of Appeals of Texas, Dallas.

Nov. 17, 2010.

Rehearing Overruled Jan. 6, 2011.

Thomas L. Cox, Jr., Gary W. Sibley, Dallas, for Appellant.

Mark Harrington Ralston, Dallas, for Appellee.

Before Justices MORRIS, MOSELEY, and MYERS.

## OPINION

Opinion By Justice MORRIS.

In this appeal from a summary judgment, Roy Threlkeld contends the trial court erred in enforcing a promissory note and ordering him to pay the interest allegedly due. Threlkeld contends the original interest rate on the note was usurious and that the lender, Gregory Urech, knew the note was usurious at the time the note was executed. Threlkeld further argues that Urech's attempt to correct the usurious rate of interest was both untimely and ineffective. After reviewing the record and applicable law, we conclude the trial court did not err in granting summary judgment in favor of Urech. We affirm the trial court's judgment.

I.

On October 7, 2002, Roy Threlkeld and Gregory Urech signed a promissory note made payable to Urech in the amount of $200,000. The parties agreed that interest would accrue on the unpaid balance at the rate of 100% per annum. Threlkeld also agreed to make a lump sum payment of the balance and interest owed "365 days after receipt of the initial investment."

Although Threlkeld made sporadic payments under the note, he never paid the full amount owed. After Threlkeld defaulted, Urech contacted an attorney to discuss his legal rights of recovery. On December 17, 2003, based on his attorney's advice, Urech sent a "correction letter" under section 305.103 of the Texas Finance Code informing Threlkeld that the note, as executed, violated Texas usury law. Urech also informed Threlkeld that the letter was intended to correct the violation and "the stated interest rate of 100% per annum in the Note [was] reduced, from the inception of the loan until payment [was] finally made, to the maximum lawful rate of interest not to exceed 18% per annum."

On October 5, 2007, Urech filed suit to recover the amounts he alleged were still due under the note. Threlkeld answered and sent Urech a letter under chapter 302 of the Texas Finance Code stating his position that the 18% interest rate specified in the purported correction letter was usurious. Threlkeld advised Urech he had 61 days to modify the note again. Urech refused to modify the note any further, and Threlkeld filed a counterclaim for usury.

Urech moved for summary judgment contending the undisputed evidence showed that Threlkeld was in default on the note and the unpaid principal and interest amounted to $114,703. In support

of his motion, Urech submitted an affidavit along with copies of the note and the correction letter. Urech also asserted that the 18% interest rate charged pursuant to the correction letter was not usurious as a matter of law.

Threlkeld responded that Urech was not entitled to summary judgment because (1) the correction letter was not sent timely and (2) the maximum amount of allowable interest that could be applied to the note was 10%, not 18%. Threlkeld argued Urech knew at the time the note was signed that the stated interest rate was usurious and, therefore, the correction letter was not sent within 60 days after Urech discovered the usury violation as required by section 305.103 of the Texas Finance Code. In support of his argument, Threlkeld filed an affidavit stating "both plaintiff, Gregory Urech, and I knew at the time the loan was entered into that it was usurious."

Urech then filed a reply brief in support of his motion. In his reply, Urech argued that Threlkeld's assertion as to Urech's knowledge of usury was pure speculation. Urech also filed a supplemental affidavit stating "at the time I entered into the Note and lent the sum of $200,000, I did not know that the interest provided under the Note (as originally drafted) was usurious. I am not an attorney and at the time I entered into the Note, I was only 23 years of age." Urech also stated that Threlkeld "himself proposed the payment and interest terms contained in the Note." Finally, Urech testified that "after Threlkeld defaulted under the Note … I contacted an attorney to advise me of my legal rights to recover against Threlkeld. Only upon consultation with legal counsel did I become aware that the interest provided under the Note, as originally drafted, was usurious. Based on the advice of counsel, I reduced the interest to be charged as set forth in the Correction letter. I delivered the Correction Letter personally to Threlkeld fifty-three days after the date I first contacted legal counsel."

Threlkeld responded with his own supplemental affidavit stating, in part, "Gregory Urech knew at the time the loan was made that it was usurious because it was a risky loan and, therefore, I agreed to a higher rate." Urech moved to strike the affidavit as untimely and objected to the statement about his alleged knowledge of usury law. Urech contended the assertion as to his knowledge was unsubstantiated and conclusory. The motion to strike the affidavit in its entirety was denied, but the trial court sustained Urech's objection to the individual statement about his knowledge. The trial court then granted Urech's motion for summary judgment and awarded him $12,000 in unpaid principal and $102,898 in unpaid interest along with pre- and post-judgment interest and attorney's fees. This appeal ensued.

## II.

In three issues, Threlkeld generally contends the trial court erred in granting summary judgment and enforcing the note because Urech failed to show that the interest rate in the note was properly corrected as a matter of law. Threlkeld first argues that there is a genuine issue of material fact about when Urech knew the 100% interest rate originally agreed to in the note violated Texas usury law. It is undisputed that a 100% interest rate is usurious. *See* TEX. FIN.CODE ANN. § 303.009 (West 2006). Under the Texas Finance Code, however, a lender may correct a usurious interest rate by sending written notice to the borrower within sixty days of discovering the violation and making "any necessary adjustment." *Id.* § 305.103(a) A violation is discovered "at

the time of the discovery of the violation in fact and not at the time when an ordinarily prudent person, through reasonable diligence, could or should have discovered or known of the violation." *Id.* § 305.103(b). The purpose of the usury statute is to penalize those who intentionally charge interest in excess of the rate allowed by law. *See Pentico v. Mad–Wayler, Inc.,* 964 S.W.2d 708, 714 (Tex.App.-Corpus Christi 1998, pet. denied).

Threlkeld contends that if Urech knew of the usury violation at the time the note was signed, then the correction letter sent over one year later was untimely and ineffective, rendering the interest provision in the note unenforceable. The summary judgment evidence regarding Urech's knowledge consists solely of the affidavits made by the parties. Urech testified in his affidavit that he was unaware of the usury violation until he consulted with an attorney and that he sent the correction letter fifty-three days later. This testimony establishes that the correction letter was sent within the sixty-day window provided for in section 305.103.

■ Threlkeld contends Urech's testimony is nothing more than uncorroborated statements by an interested witness. A complaint that an affidavit is by an interested witness is an objection to form that is waived if not raised in the trial court. *See Ahumada v. Dow Chemical Co.,* 992 S.W.2d 555, 562 (Tex.App.-Houston [14th Dist.] 1999, pet. denied). Threlkeld made no objection to the affidavit in the trial court and, accordingly, he may not raise this objection on appeal. *See id.*

■ Threlkeld also appears to argue that Urech's testimony is conclusory because it is not susceptible to being readily controverted. *See Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 122 (Tex.1996). If Urech relied only on his statement that he did not know the note's interest rate was usurious at the time note was signed, we might agree with Threlkeld. Urech's affidavits, however, include specific facts about how he learned the interest rate in the note was usurious. Urech said he was unaware of the usury violation until he consulted with an attorney. Specifically, Urech stated that "[o]nly upon consultation with legal counsel did I become aware that the interest provided under the Note, as originally drafted, was usurious." Because Urech's testimony was based on asserted facts that could be controverted and his statements were direct, clear, positive, and free from contradictory testimony, we conclude his affidavit was sufficient to support the summary judgment. *See Ahumada,* 992 S.W.2d at 562.

Threlkeld argues in the alternative that, even if Urech's affidavit was sufficient to support the judgment, his own affidavit testimony created a fact issue regarding when Urech first knew of the usury violation. In one affidavit, Threlkeld simply asserted that Urech "knew at the time the loan was entered into that it was usurious." In his supplemental affidavit, Threlkeld testified that Urech knew the loan was usurious at the time it was made "because it was a risky loan." Urech objected that the statement regarding his knowledge in the supplemental affidavit was conclusory and the objection was upheld. Threlkeld argues the trial court erred in sustaining the objection without giving him an opportunity to amend the affidavit under rule 166a(f) of the Texas Rules of Civil Procedure.

■ We first note that Threlkeld's assertion that the trial court erred in not giving him an opportunity to amend is presented only in his reply brief. A complaint may not be raised for the first time in a reply brief. *See Dallas County v. Gonzales,* 183 S.W.3d 94, 104 (Tex.App.-

Dallas 2006, pet. denied). Accordingly, this issue is not properly before us. Regardless, we conclude Threlkeld's argument is without merit. A trial court is required to provide an opportunity to amend a summary judgment affidavit only where the defect is one of form, not substance. *See* Tex.R. Civ. P. 166a(f). A conclusory statement in an affidavit is a defect of substance. *See EOG Resources, Inc. v. Killam Oil Co., Ltd.*, 239 S.W.3d 293, 302 (Tex.App.-San Antonio 2007, pet. denied). The trial court did not err, therefore, in not giving Threlkeld an opportunity to amend. *Id.*

■ The remaining statements in Threlkeld's affidavits are insufficient to create a fact issue about the timing of Urech's discovery of the usury violation. Threlkeld's affidavit merely states his subjective belief that Urech knew the note was usurious at the time it was signed. An affiant's subjective belief about facts is legally insufficient as evidence. *See Kerlin v. Arias*, 274 S.W.3d 666, 667 (Tex. 2008). Furthermore, absent any supporting facts, Threlkeld's statement regarding Urech's knowledge is wholly conclusory. The only facts Threlkeld sets forth to support his statement are that Urech is a college graduate with a degree in international banking. These facts do nothing more than raise a mere suspicion about Urech's knowledge of usury. This is particularly true in light of the actual knowledge requirement set forth in section 305.103(b). Tex. Fin.Code Ann. § 305.103(b). As such, Threlkeld's affidavits are insufficient to create a genuine issue of material fact. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). We resolve Threlkeld's first issue against him.

In his second and third issues, Threlkeld contends the trial court erred in applying an 18% interest rate to the amounts due under the note. Threlkeld contends the maximum amount of interest that can be applied to the note is 10% under section 302.001(b) of the Texas Finance Code. *See* Tex. Fin.Code Ann. § 302.001(b). Threlkeld cites no authority, and we have found none, to support his contention that the maximum interest rate to which a usurious note may be corrected is 10%. Threlkeld argues only that an 18% annual rate of interest is usurious and there is no language in the note that would support the 18% rate.

■ To support his argument that the 18% interest rate is usurious, Threlkeld relies on the portion of section 302.001(b) that states "[a] greater rate of interest than 10 percent a year is usurious unless otherwise provided by law." *Id.* Threlkeld's reliance on this language is misplaced because Texas law provides for a greater rate of interest in section 303.009 of the finance code. *See* Tex. Fin.Code Ann. § 303.009; *see also All Seasons Window and Door Mfg., Inc. v. Red Dot Corp.*, 181 S.W.3d 490, 498 (Tex.App.-Texarkana 2005, no pet.). Section 303.009 establishes an alternative interest rate ceiling with a "minimum ceiling" of 18% a year.[1] This 18% minimum rate ceiling is applicable to written contracts through Section 303.002. *See* Tex. Fin.Code Ann. § 303.002 (parties to a written agreement may agree to an interest rate that does not exceed the weekly ceiling). Accordingly, Texas law authorizes an interest rate of at least 18% to be applied to a written contract such as the one at issue here, and the rate is not usurious.

---

1. Section 303.009(a) states "[i]f the rate computed for the weekly, monthly, quarterly, or annualized ceiling is less than 18 percent a year, the ceiling is 18 percent a year." Tex. Fin.Code Ann. § 303.009(a).

Threlkeld next contends the 18% rate cannot be applied to the note because the note does not include language that would allow the application of that rate. In making this argument, Threlkeld both relies on and attempts to distinguish the holding of the Texarkana Court of Appeals in *All Seasons Window and Door Mfg., Inc. v. Red Dot Corp.*, 181 S.W.3d at 497. In *All Seasons*, the court addressed the proper interest rate to be applied to a contract that did not specify the interest rate to be charged but instead provided for interest "at the maximum rate permitted by law." *Id.* The court concluded the language "maximum rate permitted by law" was sufficient to support application of the 18% minimum ceiling rate under section 303.009. *Id.* Threlkeld attempts to expand this holding by arguing that, because the usurious rate he agreed to cannot be applied and he did not agree to pay "the maximum rate permitted by law," there is nothing to legally support an 18% rate of interest on the note. We disagree. The holding in *All Seasons* is necessarily limited to its facts and nowhere does the court state that the "maximum rate permitted by law" language is necessary for a lender to apply an 18% rate of interest when correcting a usurious note.

To cure a usury violation, section 305.103 requires only that a lender notify the borrower of the violation and make any necessary adjustment to reduce the interest to a nonusurious rate. *See* TEX. FIN. CODE ANN. § 305.103(a); *see also Bair Chase Prop. Co., LLC v. S & K Dev. Co., Inc.*, 260 S.W.3d 133, 143 (Tex.App.-Austin 2008, pet. denied) (usury violation cured by limiting demand for interest to 18%). In this case, Urech notified Threlkeld of the violation and reduced the interest to the minimum ceiling rate that may be applied to contracts. *See* TEX. FIN.CODE ANN. § 303.009. This rate was far below the rate to which Threlkeld agreed. We see noth-

ing in section 305.103 that would require any specific contractual language before a lender could correct a usury violation by adjusting the interest rate to the maximum rate allowed by law. We overrule Threlkeld's second and third issues.

We affirm the trial court's judgment.