

# NUMBER
## 13-10-00618-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**JAVIER RAMIREZ, M.D.,**                                    **Appellant,**

**v.**

**LAWRENCE GELMAN, M.D., ET AL.,**                          **Appellees.**

---

## On appeal from the 275th District Court
## of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Garza

This is an appeal of a no-evidence/traditional summary judgment granted in favor of appellees, Doctors Hospital at Renaissance Ltd., Lawrence Gelman, M.D., individually and as agent of Doctors Hospital, and Victor Haddad, individually and as agent of Doctors Hospital (collectively "Renaissance"). By a single issue, appellant, Javier Ramirez, M.D., contends the trial court erred in failing to give him an opportunity

to cure formal defects in his summary judgment evidence.  We affirm.

## I. BACKGROUND

Appellant, a pediatrician, alleged that Dr. Gelman wrongfully suspended his privileges at Doctors Hospital.  Appellant sued, alleging various causes of action, including breach of contract and defamation.  On May 25, 2010, Renaissance filed a motion for no-evidence and traditional summary judgment as to all of appellant's claims.  The trial court set the motion for hearing by submission on June 29, 2010.

On June 22, 2010, appellant filed a response and attached various exhibits, including his affidavit and four other affidavits.  On June 29, the day the motion was set for hearing by submission, Renaissance filed objections on various grounds to all of appellant's summary judgment "evidence" except his Third Amended Petition.  During the next three weeks, while the motion was under advisement, appellant did not respond to Renaissance's objections.  On July 21, 2010, the trial court granted Renaissance's objections, struck appellant's summary judgment evidence (except for his Third Amended Petition) and granted summary judgment in Renaissance's favor without stating the grounds for its ruling.

On August 20, 2010, appellant filed a motion for new trial in which he argued that the trial court erred in granting summary judgment because:  (1) there had been inadequate time for discovery; (2) he was not given an opportunity to cure defects in his summary judgment evidence prior to the hearing date; and (3) there was a disputed fact issue regarding each element of his claims.  The trial court held a hearing on appellant's motion for new trial on September 28, 2010.  At the hearing, appellant argued that he was denied an opportunity to cure defects of form in his summary judgment evidence.  Specifically, he argued that if he "had been provided the opportunity, [he] would have

2

provided the attached Court Reporter certificates for the depositions of Juan Salazar, Victor Haddad[,] and Alejandro Tey." Renaissance's counsel argued, among other things, that: (1) during the three weeks after Renaissance filed its objections, appellant did not request or attempt to cure any defects in his summary judgment evidence; (2) the only defect appellant asserted he would have cured was the failure to authenticate three deposition excerpts; he did not state that he would attempt to cure any defects in any of the other evidence struck by the trial court; and (3) because the only evidence regarding damages was properly struck by the trial court, appellant had no evidence as to damages on each of his claims. The trial court denied appellant's motion for new trial. This appeal followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

A no-evidence motion for summary judgment under Texas Rule of Civil Procedure 166a(i) is essentially a motion for pretrial directed verdict. *Timpte Industries, Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). A no-evidence motion for summary judgment is appropriate when there is no evidence of one or more essential elements of a claim on which the adverse party will bear the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Scripps Tex. Newspapers, L.P. v. Belalcazar*, 99 S.W.3d 829, 840 (Tex. App.— Corpus Christi 2003, pet. denied). The motion must be specific in challenging the evidentiary support for an element of a claim or defense. *Gish*, 286 S.W.3d at 310. "When reviewing a no-evidence summary judgment, we 'review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not.'" *Id.* (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)).

3

## III. Discussion

When, as here, the trial court's order granting summary judgment does not state the grounds for its ruling, we must affirm the judgment if any of the grounds alleged in the motion are meritorious. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). When a party moves for summary judgment under both rules 166a(c) and 166a(i) of the Texas Rules of Civil Procedure, as here, we will first review the trial court's judgment under the standards of rule 166a(i). *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the non-movant fails to produce more than a scintilla of evidence under that burden, then there is no need to analyze whether the non-movant's summary judgment proof satisfies the less stringent Rule 166a(c) burden. *Id.*

Appellant asserts that "[t]he crux of this summary judgment case is the failure of the trial court to allow an opportunity for Dr. Ramirez to cure any formal defects in his summary judgment evidence after objections were made to his evidence on the date of the summary judgment hearing." In support of his argument, appellant cites Texas Rule of Civil Procedure 166a(f), which provides, "[d]efects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend." TEX. R. CIV. P. 166a(f). Thus, the alleged error in this case is that the summary judgment was improperly granted because of defects of form in appellant's summary judgment evidence that he was entitled to cure, and was denied the opportunity to cure. We find appellant's arguments to be without merit for several reasons.

First, as Renaissance argues, during the three weeks between the filing of Renaissance's objections and the trial court's ruling, appellant did not request an opportunity to cure the alleged defects or move for a continuance. *See Torres v. GSC*

4

*Enters., Inc.*, 242 S.W.3d 553, 559–60 (Tex. App.—El Paso 2007, no pet.) (holding that when a summary judgment movant objects to non-movant's summary judgment evidence, the non-movant has burden to request a continuance or opportunity to cure formal defects, and no issue is preserved where non-movant failed to request opportunity to correct defects); *Tri-Steel Structures, Inc. v. Baptist Found.*, 166 S.W.3d 443, 448 (Tex. App.—Fort Worth 2005, pet. denied) ("Generally, a motion for continuance is the proper procedure to obtain [an] 'opportunity'" to amend an alleged defect in form in an affidavit); *Coleman v. Woolf*, 129 S.W.3d 744, 750 (Tex. App.—Fort Worth 2004, no pet.); *see also Mayo v. Suemaur Exploration & Prod., L.L.C.*, No. 14-07-491-CV, 2008 Tex. App. LEXIS 7164, at *12 (Tex. App.—Houston [14th Dist.] Aug. 26, 2008, pet. denied) (mem. op.) (holding appellant failed to preserve issue for review where he neither requested an opportunity to cure alleged defects in affidavits nor moved for continuance); *Birmingham-Queen v. Whitmire*, No. 04-05-646-CV; 2006 Tex. App. LEXIS 4823, at *4 (Tex. App.—San Antonio June 7, 2006, no pet.) (mem. op.) (same).

Second, even if we assume that appellant preserved the issue by complaining in his motion for new trial that he was not given an opportunity to cure the alleged defects under rule 166a(f), we note that he asserted in his motion only that if he had been given an opportunity to cure defects in his evidence, he would have provided court reporter's certificates to the deposition excerpts of Juan Salazar, M.D., Victor Haddad, M.D., and Alejandro Tey, M.D. *See Inglish v. Prudential Ins. Co. of Am.*, 928 S.W.2d 702, 705 (Tex. App.—Houston [1st Dist.] 1996, writ denied) ("Where a party is denied the right to amend and such fact is not reflected in the record, a motion for new trial will preserve such error"). He did not, however, address Renaissance's objections to any of the other

5

summary judgment evidence struck by the trial court, including evidence challenged as containing defects of substance. For example, Renaissance objected to several statements in appellant's affidavit as conclusory, including the following: "I have lost referrals from physicians, suffered a loss of my reputation, and lost significant income, as a result of the acts of Doctors Hospital at Renaissance, Lawrence Gelman, M.D., and Victor Haddad, M.D. Defendant's breach and acts [sic]." "A trial court is required to provide an opportunity to amend a summary judgment affidavit only where the defect is one of form, not substance." *Threlkeld v. Urech*, 329 S.W.3d 84, 89 (Tex. App.—Dallas 2010, pet. denied). "A conclusory statement in an affidavit is a defect of substance." *Id.*; *see also EOG Resources, Inc. v. Killam Oil Co., Ltd.*, 239 S.W.3d 293, 302 (Tex. App.—San Antonio 2007, pet. denied) (same). Therefore, assuming that appellant preserved any error, he preserved error only as to the trial court's exclusion of the three exhibits identified above.[1] *See* TEX. R. APP. P. 33.1(a); *Coleman*, 129 S.W.3d at 750 ("Generally, we may not rule on a complaint not presented to the trial court.").

Third, we agree with Renaissance that appellant cannot show that, as to each of his alleged causes of action, the three excluded deposition excerpts would have negated every ground for summary judgment that Renaissance raised in its motion. *See Urena*, 162 S.W.3d at 550.

Appellant alleged causes of action for breach of contract, tortious interference with prospective business relations, tortious interference with existing contract, defamation, conspiracy, common law fraud, negligence, negligent misrepresentation, and negligent hiring, supervision and/or management. To recover on each of these

---

[1] We have examined the deposition excerpts of Juan Zavala, M.D., Victor Haddad, M.D., and Alejandro Tey, M.D. None of the excerpts address what damages, if any, appellant may have sustained as a result of acts by Renaissance.

causes of action, a plaintiff must establish damages. *See Domingo v. Mitchell*, 257 S.W.3d 34, 39 (Tex. App.—Amarillo 2008, pet. denied) (noting damages as element of breach-of-contract claim); *Allied Capital Corp. v. Cravens*, 67 S.W.3d 486, 490 (Tex. App.—Corpus Christi 2002, no pet.) (noting damages as element of claim for tortious interference with prospective business relations); *Baty v. Pro Tech Ins. Agency*, 63 S.W.3d 841, 856–57 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (noting damages as element of claim for tortious interference with existing contract); *Doe v. Mobile Video Tapes, Inc.*, 43 S.W.3d 40, 48 (Tex. App.—Corpus Christi 2001, no pet.) ("Defamation is a false statement about a plaintiff published to a third person without legal excuse which damages the plaintiff's reputation"); *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983) (noting damages as element of claim for civil conspiracy); *Procter v. RMC Capital Corp.*, 47 S.W.3d 828, 835–36 (Tex. App.—Beaumont 2001, no pet.) (noting damages as element of claim for common law fraud); *Roberts v. TXU Energy Retail Co., L.P.*, 171 S.W.3d 901, 903 (Tex. App.—Beaumont 2005, no pet.) (noting damages as element of claim for negligence); *Larsen v. Carlene Langford & Assocs., Inc.*, 41 S.W.3d 245, 249–50 Tex. App.—Waco 2001, pet. denied) (noting damages as element of claim for negligent misrepresentation); *Dangerfield v. Ormsby*, 264 S.W.3d 904, 912–13 (Tex. App.—Fort Worth 2008, no pet.) (noting damages as element of claim for negligent hiring, supervision, and management).

In its no-evidence motion for summary judgment, Renaissance asserted, among other things, that appellant had no evidence of damages as to each of his alleged causes of action. In his response to Renaissance's motion, appellant identified as evidence of his damages: (1) his own affidavit; (2) his income tax returns; and (3) his bank statements. We have already determined that even if appellant preserved error in

7

not having an opportunity to cure alleged defects of form, he did so only with regard to the trial court's exclusion of the three deposition excerpts identified in his motion for new trial; none of the deposition excerpts addressed appellant's damages. Thus, appellant has failed to preserve any error by the trial court in striking his only evidence regarding damages.[2] Because Renaissance alleged as one of its grounds that appellant had no evidence as to damages on each of his claims, and appellant did not preserve any error by the trial court in striking his only evidence of damages, we must affirm the judgment. *See Urena*, 162 S.W.3d at 550 (noting that we must affirm judgment if any of the grounds alleged in the motions were meritorious). We overrule appellant's sole issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

_____
DORI CONTRERAS GARZA
Justice

Delivered and filed the
22nd day of March, 2012.

---

[2] We note that appellant does not complain on appeal that the trial court erred in striking the evidence of his income tax returns and bank statements. We will only consider contentions that are supported by clear and concise arguments with appropriate citations to authorities and the record. *See* TEX. R. APP. P. 38.1(i); *Torres v. GSC Enters., Inc.*, 242 S.W.3d 553, 559 (Tex. App.—El Paso 2007, no pet.). Moreover, we note that Renaissance objected to appellant's tax returns and bank statements on grounds that: (1) appellant failed to specify which returns and bank statements he is relying on; (2) the documents are not authenticated; (3) the documents are inadmissible hearsay; and (4) because appellant failed to explain the significance of the documents, they are not relevant. In his motion for new trial, appellant did not address Renaissance's objections to these exhibits and did not request an opportunity to amend the exhibits.