

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00325-CV

**KEVIN WILLIAMS, M.D.,**

                                                            **Appellant**

 **v.**

**G&E REIT II ENNIS MOB, LLC,**

                                                            **Appellee**


### From the 40th District Court
### Ellis County, Texas
### Trial Court No. 90395


## MEMORANDUM OPINION


In two issues, appellant, Kevin Williams, M.D., contends that the trial court erred in granting summary judgment in favor of appellee, G&E HC REIT II Ennis MOB, LLC. Specifically, appellant argues that the trial court erred by denying his motion to continue the hearing on appellee's motion for summary judgment and by granting summary judgment in favor of appellee, even though he purportedly established that the

underlying lease and guaranty agreements had been materially altered and, thus, were illusory. We affirm.

## I.    BACKGROUND

On or about December 1, 2009, New Bardwell Partners, LP entered into a lease agreement with Bluebonnet Medical Care, P.A., whereby Bluebonnet was required to pay monthly rent on a commercial property. Also on December 1, 2009, Bart Crosby, D.O., Jason Moses, and appellant executed a Guaranty of Lease, wherein the guarantors agreed to be personally obligated under the lease. On or about December 22, 2010, appellees acquired New Bardwell Partners, LP.

Under the lease, Bluebonnet and the guarantors were required to pay an annual basic rent of $129,410.75, which was subject to an increase of 2% per annum. Broken into monthly payments, Bluebonnet and the guarantors were jointly and severally required to pay $10,784.23 on the first day of each month, commencing on March 1, 2010. However, starting in August 2013, Bluebonnet and the guarantors began to fall behind in the rent payments, which triggered an Event of Default under the lease.

Under the terms of the lease, in the event of default, Bluebonnet and the guarantors were jointly and severally responsible to pay all costs incurred by appellee, including court costs, reasonable attorney's fees, and expenses. Because Bluebonnet and the guarantors failed to pay such costs, on September 12, 2013, appellee terminated Bluebonnet and the guarantors' right to possession of the property. Appellee also elected

to accelerate all amounts due under the lease, which, at the time of filing of appellee's original petition, was $550,924.55.

Once again, Bluebonnet and the guarantors did not make any payments. Thereafter, on October 21, 2014, appellee filed its original petition, asserting breach-of-contract claims and claims for attorney's fees against Bluebonnet and the guarantors.[1] Appellant filed an original answer denying the allegations made by appellee. He later amended his answer to include a counterclaim for breach of the lease against appellee and numerous affirmative defenses, including unclean hands, failure to mitigate, doctrine of illegality, doctrine of first material breach, and that appellee's damages were caused by its own actions or inaction or the actions of third parties.

On May 18, 2015, appellee filed no-evidence and traditional motions for summary judgment, which were later amended. In its live motions for summary judgment filed on August 12, 2016, appellee asserted that: (1) appellant breached the lease by failing to make payments in connection therewith; (2) appellant is liable for attorney's fees under section 38.001 of the Texas Civil Practice and Remedies Code and the lease, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (West 2015); and (3) appellant's affirmative defenses and counterclaim fail as a matter of law. Attached to appellee's motions for summary

---

[1] The record reflects that the trial court granted a default judgment against Moses. The trial court also granted summary judgment in favor of appellee against Bluebonnet, as tenant, and Crosby, as guarantor. The judgments against Moses, Crosby, and Bluebonnet were severed into a separate cause number and a final judgment was entered against these parties on May 11, 2016.

judgment were the following documents, among other things: (1) the lease dated December 1, 2009; (2) a Tenant Estoppel Certificate dated December 14, 2010; (3) an Assignment and Assumption Agreement dated December 22, 2010; (4) a Notice of Default dated August 20, 2013; (5) a Notice of Lockout for Nonpayment of Rent dated September 12, 2013; (6) two affidavits of Robert Hooper, a Senior Portfolio Manager for Newmark Grubbs Knight Frank; and (7) the billing records for appellee's attorneys.

On September 8, 2016, appellant responded to appellee's motions for summary judgment, arguing that appellee materially breached and/or altered the lease in 2012 by failing to keep the foundation on the premises in good working order and by failing to repair the foundation. Appellant also alleged that appellee breached the lease by failing to deliver to Bluebonnet the agreed-upon "finish-out" until well into 2011. And finally, appellant asserted that appellee failed to minimize its damages by re-letting the premises. In support of his response, appellant attached an affidavit he executed on September 8, 2016, as well as a copy of the lease, his guaranty, and the Assignment and Assumption Agreement.

On September 13, 2016, appellee filed a reply to appellant's response to the summary-judgment motions. Included in appellee's response were objections to and a motion to strike appellant's September 8, 2016 affidavit. Appellee alleged that several portions of appellant's affidavit were conclusory and speculative, included improper lay witness opinion, did not demonstrate personal knowledge, and failed to lay a proper

foundation to establish appellant's expertise and knowledge of the market rental value of the premises.

On September 15, 2016, the day of the hearing on the motions for summary judgment, appellant filed a motion to continue the summary-judgment hearing "so that any defects in the form or substance of the affidavit in support of the Defendant's response may be supplemented and corrected." The trial court denied appellant's motion for continuance and granted, in part, appellee's objections and motion to strike portions of appellant's affidavit. Furthermore, after a hearing, the trial court granted appellee's amended motions for summary judgment and ultimately entered its final judgment against appellant on September 20, 2016. The final judgment required appellant to pay appellee $550,924.55 under the lease, pre-judgment interest, $101,035.32 in reasonable attorney's fees, and reasonable attorney's fees for possible appeals to this Court and the Texas Supreme Court. This appeal followed.

## II.    STANDARD OF REVIEW

Different standards of review apply to summary judgments granted on no-evidence and traditional grounds. *See* TEX. R. CIV. P. 166a(c), (i). A no-evidence summary judgment is equivalent to a pre-trial directed verdict, and we apply the same legal sufficiency standard on review. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). Once an appropriate no-evidence motion for summary judgment is filed, the non-movant, here appellant, must produce summary judgment evidence raising a genuine

issue of material fact to defeat the summary judgment. *See* TEX. R. CIV. P. 166a(i). "A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). We do not consider any evidence presented by the movant unless it creates a fact question. *Binur v. Jacobo*, 135 S.W.3d 646, 651 (Tex. 2004).

More than a scintilla exists when the evidence "raises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (citing *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 25 (Tex. 1994)). In determining whether the non-movant has met his burden, we review the evidence in the light most favorable to the non-movant, crediting such evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Tamez*, 206 S.W.3d at 582; *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

In contrast, we review the trial court's grant of a traditional motion for summary judgment de novo. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). When reviewing a traditional motion for summary judgment, we must determine whether the movant met its burden to establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). The movant bears the burden of proof in a traditional motion for summary judgment, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *See Grant*,

73 S.W.3d at 215. We take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We will affirm a traditional summary judgment only if the record establishes that the movant has conclusively proved its defense as a matter of law or if the movant has negated at least one essential element of the plaintiff's cause of action. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004); *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997).

When the trial court's judgment does not specify which of several grounds proposed was dispositive, we affirm on any ground offered that has merit and was preserved for review. *See Joe v. Two Thirty Nine J.V.*, 145 S.W.3d 150, 157 (Tex. 2004). Moreover, when a party moves for summary judgment under both rules 166a(c) and 166a(i), "[we] first review the trial court's summary judgment under the standards of rule 166a(i)." *Ridgway*, 135 S.W.3d at 600.

### III.  ANALYSIS

#### A.  Appellant's Motion for Continuance

In his first issue, appellant asserts that the trial court erred by denying his motion to continue the hearing on appellee's motion for summary judgment. The decision to grant or deny a motion for continuance is within the trial court's sound discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986); *Ramsey v. Echols*, 487 S.W.3d 762, 764

(Tex. App.—Waco 2016, pet. denied). And unless the record discloses a clear abuse of discretion, we will not disturb the trial court's action in granting or refusing a motion for continuance. *Ramsey*, 487 S.W.3d at 764 (citing *Villegas*, 711 S.W.2d at 626). In determining whether a trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery, we have considered the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.*

In arguing that the trial court erroneously denied his motion for continuance, appellant relies solely on Texas Rule of Civil Procedure 166a(f), which provides the following:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend.

Tex. R. Civ. P. 166a(f).

Rule 166a(f) only addresses defects in the form of affidavits. *See id.* A review of appellee's objections and the trial court's order sustaining appellee's objections to appellant's affidavit shows that appellee challenged the substance, not the form, of appellant's affidavit.

Texas courts have held that a trial court is not obligated to give a party an opportunity to amend or correct a defect of substance in a summary-judgment affidavit. *See Olsen v. Comm'n for Lawyer Discipline*, 347 S.W.3d 876, 886 (Tex. App.—Dallas 2011, pet. denied) (concluding that when an affidavit contains defects of substance, the trial court is not required to give a party an opportunity to amend or correct the defect (citing *Gorrell v. Tex. Utils. Elec. Co.*, 915 S.W.2d 55, 60 (Tex. App.—Fort Worth 1995, writ denied))); *Threlkeld v. Urech*, 329 S.W.3d 84, 89 (Tex. App.—Dallas 2010, pet. denied) ("A trial court is required to provide an opportunity to amend a summary judgment affidavit only where the defect is one of form, not substance."). As mentioned above, the trial court sustained appellee's objections to several portions of appellant's affidavit, which were alleged to be, among other things, conclusory and speculative. These are objections to defects of substance. *See Threlkeld*, 329 S.W.3d at 89 ("A conclusory statement in an affidavit is a defect of substance."); *Green v. Indus. Specialty Contractors, Inc.*, 1 S.W.3d 126, 130 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (same); s*ee also DMC Valley Ranch, L.L.C. v. HPSC, Inc.*, 315 S.W.3d 898, 905 (Tex. App.—Dallas 2014, no pet.) (explaining that an affidavit that is speculative "would be a defect of substance").

Therefore, because appellee's objections raised substantive issues with appellant's affidavit, Rule 166a(f) did not require the trial court to grant appellant's motion for continuance to amend or correct the defects. *See* TEX. R. CIV. P. 166a(f); *Olsen*, 347 S.W.3d at 886; *Threlkeld*, 329 S.W.3d at 89; *Gorrell*, 915 S.W.2d at 60; *see also DMC Valley Ranch, L.L.C.*, 315 S.W.3d at 905; *Green*, 1 S.W.3d at 130. Accordingly, we cannot say that the trial court abused its discretion in denying appellant's motion for continuance.[2] *See Joe*, 145 S.W.3d at 161; *Villegas*, 711 S.W.2d at 626; *see also Ramsey*, 487 S.W.3d at 764. We overrule appellant's first issue.

## B.    The Summary-Judgment Motions

In his second issue, appellant contends that the trial court erred in granting summary judgment in favor of appellee because he raised an issue of material fact that the lease and guaranty agreements had been materially altered and, thus, were illusory contracts. We disagree.

In support of his contention that he raised a material fact issue with regard to material alteration, appellant asserts that: (1) appellee allegedly breached the contract when the premises became untenable; (2) appellee allegedly breached the contract in

---

[2] We also note that, at the time of the motion for continuance, the case had been on file for almost two years. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004); *see also Duerr v. Brown*, 262 S.W.3d 63, 78 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (concluding that the trial court acted within its discretion in denying plaintiff's motion for continuance where one year passed between the filing of the original petition and the end of the discovery period); *Perrotta v. Farmers Ins. Exch.*, 47 S.W.3d 569, 576 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (determining the trial court did not abuse its discretion in denying plaintiff's motion for continuance where the case had been on file for seven months when the defendant filed its summary-judgment motion).

failing to repair the premises; and (3) the lease was assigned from New Bardwell to appellee. None of these assertions are supported by competent summary-judgment proof, especially given that the trial court struck the following statements from appellant's affidavit:

- **Paragraph 2 of the Affidavit:** "Although the landlord appeared and inspected the cracks no adequate repair was done."

- **Paragraph 2 of the Affidavit:** "As a result the business Blue Bonnet ultimately failed."

- **Paragraph 2 of the Affidavit:** "The failure of the landlord to make proper repairs created a problem that changed the nature of the physical building and changed the lease as a result."

- **Paragraph 3 of the Affidavit:** "Further, the landlord is not making sufficient efforts to relet the property."

- **Paragraph 3 of the Affidavit:** "I am aware of the market for commercial space for let and the market is strong and the property should be in demand."

- **Paragraph 3 of the Affidavit:** "[T]he property will be leased long before the lease termination date in 2020."

In any event, in his guaranty, appellant waived his right to assert affirmative defenses. Specifically, the guaranty provides: "The obligations of the undersigned [appellant] under the Guaranty shall not be terminated, affected, or impaired in any manner by reason of . . . any defenses, setoffs, or counterclaims of Tenant." *See Moayedi v. Interstate35/Chisam Rd., L.P.*, 438 S.W.3d 1, 8 (Tex. 2014) (noting that courts construe unambiguous guaranty agreements as any other contract and concluding that a general

waiver clause in a guaranty agreement "results in a broad waiver of all possible defenses" and that "these provisions indicate an intent that the guaranty would not be subject to any defense other than full payment"); *see also Heritage Res., Inc., v. NationsBank, Co.*, 939 S.W.2d 118, 121 (Tex. 1996) ("We give terms their plain, ordinary, and generally accepted meaning unless the instrument shows that the parties used them in a technical or different sense.").

Furthermore, the first two allegations made by appellant are not material alterations to the lease or guaranty, because a material alteration involves changing the actual terms of the contract such that the nature of the debt guaranteed by the guarantor is altered and the guarantor is prejudiced. *See Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 588 (Tex. App.—Houston [14th Dist.] 2000, no pet.) ("To establish a material alteration, the following elements must be shown: (1) the existence of a material alteration to the underlying contract; (2) lack of consent to the alteration; and (3) harm resulting from the alteration. . . . The test of whether an alteration is material is whether the altered writing describes the contract entered into by the parties or whether the instrument's legal effect has been varied. In that regard an alteration is material so as to render an instrument void if a change to that document causes it to fail to reflect the meaning and intent of the parties to the agreement." (internal citations & quotations omitted)).

We further note that appellant failed to establish his material alteration argument based on the plain language of his guaranty. Specifically, appellant's guaranty provided the following, in relevant part:

> Landlord and Tenant, without notice to or consent by Guarantor, may, at any time or from time to time, enter into such changes, modifications, extensions, renewals of the Term of the Lease , expansions of the Premises, or other covenants with respect to the Lease, and that Guarantor shall not be released thereby, it being intended that any joinder, waiver, consent, or agreement, by Tenant, by its own operation, shall be deemed to be a joinder, consent, waiver, or agreement by Guarantor with respect to the Lease as so modified, extended, amended, or otherwise affected.

This language demonstrates that appellant expressly consented to any and all alterations, modifications, or changes to the lease without receiving prior notice from the Landlord or Tenant. As such, appellant did not establish the lack-of-consent element for material alteration. *See id.*

And with respect to his final contention regarding the assignment of the lease to appellee, appellant has failed to proffer evidence showing that an assignment of the lease somehow materially altered key terms of the lease, such as payment of rent, or prejudiced his rights as a guarantor. And, once again, appellant's guaranty provided that his obligations "shall not be terminated, affected, or impaired in any manner by reason of . . . Any subletting of all or part of the Premises or any assignment or other transfer of the Lease." As such, we cannot say that appellant proffered more than a scintilla of evidence establishing his material-alteration defense. *See Ridgway*, 135 S.W.3d at 600.

Next, appellant argues that the summary-judgment record establishes that the lease and guaranty agreements are illusory contracts. However, we note that appellant's illusory-contract contention is entirely premised on his material-alteration arguments, which we have rejected earlier. Therefore, we cannot say that appellant has raised his illusory-contract defense. *See Mason*, 143 S.W.3d at 798; *Grinnell*, 951 S.W.2d at 425. Accordingly, after reviewing the summary-judgment evidence under the appropriate standard of review, we conclude that the trial court did not err in granting summary judgment in favor of appellee. *See Tamez*, 206 S.W.3d at 582; *Ridgway*, 135 S.W.3d at 600; *see also Knott*, 128 S.W.3d at 215. We overrule appellant's second issue.

## IV. CONCLUSION

Having overruled both of appellant's issues on appeal, we affirm the judgment of the trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
(Chief Justice Gray concurring with a note)*
Affirmed
Opinion delivered and filed May 3, 2017
[CV06]

*(Chief Justice Gray concurs in the Court's judgment to the extent it affirms the trial court's judgment and awards appellee its appellate costs, if any. A separate opinion will not issue.)

