**G. W. SIMS, Appellant,**

v.

**CITIZENS STATE BANK et al., Appellees.**

No. 14509.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 21, 1966.

Harry P. Jarvis, James B. Turner, Jerome Pope, Houston, for appellant.

Werner A. Gohmert, Alice, for appellees.

MURRAY, Chief Justice.

This suit was instituted by appellant, G. W. Sims, of Houston, Texas, in the 11th Judicial District Court of Harris County, against Citizens State Bank, Texas National Bank of Commerce, Alamo National Bank, First State Bank of Alice, and Werner A. Gohmert, an attorney of Alice, Texas, seeking to recover the sum of $11,000, being the proceeds of a certain cashier's check issued by Citizens State Bank of Houston, payable to one Robert Satterfield, and cashed or negotiated by Werner Gohmert at the First State Bank of Alice. The check was apparently endorsed by Robert Satterfield, which endorsement is alleged to be a forgery, and Werner Gohmert endorsed the check at the time of negotiating it. The check passed through the other banks named as defendants and was in turn endorsed by each bank.

Pleas of privilege were filed by Gohmert and First State Bank of Alice, to be sued in Jim Wells County, the County of their residences. These pleas of privilege were controverted and upon a hearing such pleas were sustained and the cause as to Gohmert and First State Bank of Alice was transferred to the District Court of Jim Wells County.

Gohmert and First State Bank of Alice filed motions for summary judgment in their favor, which motions were controverted by G. W. Sims. The trial court, after notice and hearing, sustained the motions for summary judgment and rendered judgment that G. W. Sims take nothing, from which judgment G. W. Sims has prosecuted this appeal. It is apparent that the trial court granted the motions for summary judgment upon the theory that G. W. Sims did not have a justiciable interest in the subject matter of this suit.

The summary judgment was based on the pleadings, the deposition of Werner Goh-

mert, an affidavit of Ralph O. Queen, the evidence given by G. W. Sims and one Jack Brewer at the hearing on the pleas of privilege, and a sworn pleading filed by G. W. Sims in Cause No. 626,662, styled Doyle Davis, DBA Davis Motor Company vs. G. W. Sims et al., pending in the District Court of Harris County, Texas, 55th Judicial District.

It is apparent from this evidence that Jack Brewer was an automobile dealer in Houston and G. W. Sims was financing him on what is called a floor plan. Brewer would purchase automobiles, deliver the title papers in blank to Sims, and then Sims would furnish the money to pay for the automobiles. When Brewer would sell an automobile he would pay off the loan against that particular car, and then Sims would release the title papers so that the purchaser could be given title to the automobile. Sims either received interest or a fee for financing the automobile. Brewer was required to keep on hand a deposit of 10% with Sims to protect him against loss.

In this case four new automobiles were sold and delivered to Brewer by a man who was known by many aliases. The four cars were described sometimes as four Chevrolets, and sometimes as three Chevrolets and one Oldsmobile. The title to each car consisted of a factory certificate to Robert Satterfield. It is not clear whether Robert Satterfield is a fictitious person, or only another alias of James Bennett, James Bennett Lester, or James McDonald.

On August 16, 1963, James McDonald delivered the four automobiles to Brewer, and Brewer sent him to Sims to get the money. Sims says McDonald wanted cash, but Sims refused to deal in cash and offered him a cashier's check in the sum of $11,000, which McDonald accepted and left the manufacturer's certificates with Sims. These certificates were in the name of Robert Satterfield, and the cashier's check was made out payable to Robert Satterfield. Early next morning the cashier's check was delivered to Werner Gohmert by James Mc-

Donald at Alice, Texas, with the name Robbert Satterfield signed on the back of the check. A handwriting expert said this endorsement was in the handwriting of James McDonald. Gohmert did not require James McDonald to endorse the check, but he himself endorsed it and took the check to the First State Bank of Alice and secured $2,000 in cash and two cashier's checks, one in the sum of $5,000 payable to himself, and the other in the sum of $4,000 payable to one Lee Jones, Jr. The First State Bank of Alice sent the check through its corresponding banks and it was ultimately paid by the issuing bank in Houston. There is a great deal of testimony as to what was done with the proceeds of the cashier's check but it is not relevant to the question of Sims' justiciable interest in these proceeds.

The four automobiles proved to be stolen and the manufacturer's certificates to be forgeries. The evidence shows that Sims loaned Brewer $11,000 on the four stolen automobiles. Brewer would be in a position to sue for the proceeds of the cashier's check but not Sims. Sims does not show, by the allegations in his pleadings or by affidavits or otherwise, that he has a justiciable interest in the proceeds of the cashier's check. Before Sims can maintain this suit he must show that he has a justiciable interest in the subject matter of the suit. In 44 Tex.Jur.2d § 7, p. 145, it is said:

"For a person to maintain an action in court, it must be shown that he has a justiciable interest in the subject matter in litigation, either in his own right or in a representative capacity. The state is not exempt from this rule. The courts do not recognize a right of one person to bring suit for another person merely because he might derive some indirect benefit therefrom, and to permit the machinery of the courts to be set in motion by one who can in no event profit thereby is contrary to the policy of the state. Thus, as a general rule, only those persons may be parties to a suit who have a direct interest therein and

for or against whom judgment may be rendered. In the absence of this interest, no person can recover in his own right by alleging a cause of action in another."

Tarrant Wholesale Drug Co. v. Kendall, Tex.Civ.App., 223 S.W.2d 964.

Appellees filed sufficient documents to show that Sims did not have a justiciable interest in the subject matter of this suit and it then became the duty of appellant to show by affidavit, or in some way, that he did have a justicable interest, and having failed to do so he is not in a position to complain that a summary judgment was rendered against him. Rule 166–A, Texas Rules of Civil Procedure; Rolfe v. Swearingen, Tex.Civ.App., 241 S.W.2d 236. Appellant filed one affidavit tending to show that Robert Satterfield's endorsement on the cashier's check was a forgery, but this is immaterial as to Sims' justiciable interest in this lawsuit as Sims had delivered the check to James McDonald at the request of Brewer.

The judgment is affirmed.