

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CLEMENTE D. GRANT, | § | |
| | | No. 08-13-00247-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | County Court at Law Number One |
| RAYMUNDO ESPIRITU AND DAVID | § | |
| BARNES, | | of Tarrant County, Texas |
| | § | |
| Appellees. | | (TC# 2011-004353-1) |
| | § | |

## **O P I N I O N**

Following a traffic accident, Clemente D. Grant sued both Raymundo Espiritu and David Barnes for the resulting property damage to "his" vehicle, and sued Espiritu for conversion of the vehicle.   Grant appeals the trial court's dismissal of his case for want of jurisdiction due to a lack of standing.   We affirm.[1]

## **BACKGROUND**

Grant alleged he was involved in a traffic accident in which the Hyundai Elantra he was driving was struck by two other vehicles driven respectively by Espiritu and Barnes.   Grant sought property damages for the total loss of the vehicle arising from Espiritu and Barnes's

---

[1]  This case was transferred from the Second Court of Appeals in Fort Worth, and we decide it in accordance with the precedent of that court to the extent required by TEX. R. APP. P. 41.3.

negligence, and property damages from Espiritu's conversion of the vehicle.[2]

Five days before trial, Espiritu filed a motion to dismiss Grant's case for lack of jurisdiction in part because Grant had no "capacity" to bring his claims because he was not the registered owner of the Hyundai. In support of his motion, Espiritu attached a Texas Salvage Vehicle Title that identified Jeff S. Scott, Jr. as the owner of the vehicle. On the day of trial, Barnes filed a motion to dismiss for lack of jurisdiction contending that Grant lacked standing because he did not own the vehicle, and that the only person with standing to sue was Grant's father, Jeff Scott, in whose name the Hyundai was titled. Attached to Barnes's motion was a copy of the accident report listing Grant as the driver of the vehicle and Jeff Scott as the owner.

The trial court considered both motions to dismiss immediately before the start of the trial. Grant did not file a response to the motions to dismiss, but his counsel explained to the trial court that Jeff Scott had given the vehicle to Grant as a gift and had registered the vehicle under Scott's own name for insurance discount purposes.

The trial court twice suspended the pre-trial proceedings, in part to consider cases cited by counsel. After the second break, the trial court suggested the parties consider taking "one last stab" at settlement, but gave the parties the option that "I can go on and rule on [the motions to dismiss] or you guys can take one last shot." Counsel for Grant, as well as counsel for both defendants, expressly informed the trial court they wanted the court to proceed to rule on the motions to dismiss. The trial court granted both motions to dismiss, declaring that Grant had no "status" to bring claims against Espiritu and Barnes because title to the vehicle was not in his name. At no time did Grant request a continuance or otherwise inform the trial court that he

---

[2] Grant also made claims for bodily injury, but those claims were settled before trial.

2

desired to present evidence in response to the motions to dismiss.

Four days after the trial court's ruling in open court, Grant filed a written response to the motions to dismiss and attached a copy of an insurance document addressed to Jeff Scott, showing coverage for the Hyundai and three other vehicles.[3] Also attached was Jeff Scott's affidavit. In his affidavit, Scott states that he had purchased the Hyundai Elantra for Grant in August 2000 and explained that all of the family's cars are titled in his name to benefit from multiple-vehicle insurance discounts. According to Scott, the Hyundai had always been Grant's car, Grant had paid Scott for his portion of the insurance for the vehicle, and Grant was responsible for maintenance and repair of the vehicle.

Four days later, the trial court signed the order granting the motions to dismiss for lack of jurisdiction, and dismissed Grant's claims with prejudice. The order indicates that in making its ruling, the trial court considered only "the two Motions to Dismiss and the arguments of all counsel[.]"

## DISCUSSION

In a single issue, Grant contends the trial court erred in dismissing his case for want of jurisdiction based on lack of standing. We disagree.

## Standard of Review

A plea to the jurisdiction challenges the court's authority to decide a case. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 149 (Tex. 2012); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). Here, the defendants challenge the plaintiff's standing. This is a question of law we review *de novo*. *Heckman*, 369 S.W.3d at 150; *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004).

---

[3] The record on appeal does not show that Appellant brought his response to the trial court's attention.

The burden is on the plaintiff to affirmatively demonstrate the trial court's jurisdiction. *Heckman*, 369 S.W.3d at 150; *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). When assessing a plea to the jurisdiction, our analysis begins with the live pleadings. *Heckman*, 369 S.W.3d at 150; *Miranda*, 133 S.W.3d at 226. We may also consider evidence submitted to negate the existence of jurisdiction – and we must consider such evidence when necessary to resolve the jurisdictional issue. *Heckman*, 369 S.W.3d at 150; *Bland*, 34 S.W.3d at 555. We construe the plaintiff's pleadings liberally, taking all factual assertions as true, and look to the plaintiff's intent. *Heckman*, 369 S.W.3d at 150; *Miranda*, 133 S.W.3d at 226.

We must grant the plea to the jurisdiction if the plaintiff's pleadings affirmatively negate the existence of jurisdiction. *Heckman*, 369 S.W.3d at 150; *Miranda*, 133 S.W.3d at 227. And, we must grant the plea if the defendant presents undisputed evidence that negates the existence of the court's jurisdiction. *Heckman*, 369 S.W.3d at 150; *see Miranda*, 133 S.W.3d at 226.

**Standing**

Standing is a constitutional prerequisite to suit. *Heckman*, 369 S.W.3d at 150; *see Sw. Bell Tel. Co. v. Mktg. on Hold Inc.,* 308 S.W.3d 909, 915 (Tex. 2010). A court has no jurisdiction over a claim made by a plaintiff who lacks standing to assert it. *Heckman*, 369 S.W.3d at 150; *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304 (Tex. 2008). Thus, if a plaintiff lacks standing to assert one of his claims, the court lacks jurisdiction over that claim and must dismiss it. *Heckman*, 369 S.W.3d at 150; *see Andrade v. NAACP of Austin*, 345 S.W.3d 1, 14 (Tex. 2011) ("[A] plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought.") (quoting *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734, 128 S.Ct. 2759,

4

171 L.Ed.2d 737 (2008)). Similarly, if the plaintiff lacks standing to bring any of his claims, the court must dismiss the whole action for want of jurisdiction. *Heckman*, 369 S.W.3d at 150-51; *see Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 392 (Tex. 2000) (holding that plaintiff had standing on some claims but not others, and dismissing only those claims for which it lacked standing).

In Texas, the standing doctrine requires a concrete injury to the plaintiff. *Heckman*, 369 S.W.3d at 154; *DaimlerChrysler Corp*., 252 S.W.3d at 304, 307; *see Neeley v. W. Orange–Cove Consol. Indep. Sch. Dist.*, 176 S.W.3d 746, 774 (Tex. 2005) (standing limits jurisdiction to cases involving a distinct injury to the plaintiff); *Brown v. Todd*, 53 S.W.3d 297, 305 (Tex. 2001) (same). Under Texas law, the standing inquiry begins with the plaintiff's alleged injury. *Heckman*, 369 S.W.3d at 155. The plaintiff must be personally injured – he must plead facts demonstrating that he, himself, rather than a third party, suffered the injury. *Id.* "After all, our Constitution opens the courthouse doors only to those who have or are suffering an injury." *Id.*; *see Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993). The standing inquiry "requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *Heckman*, 369 S.W.3d at 156 (quoting *Allen v. Wright*, 468 U.S. 737, 752, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984)).

**Analysis**

We begin with Grant's pleadings. Grant alleged that he was driving "his Hyundai Elantra" when Espiritu lost control of his vehicle and collided "with Plaintiff's Hyundai," and then Barnes "slammed into the back of Plaintiff's Hyundai Elantra," and as a result "Plaintiff suffered

5

extensive property damage for which he seeks compensation." Grant sought damages for the total loss and loss of use "of Plaintiff's vehicle." Grant further alleged that he "was shocked to discover that his vehicle, which had been taken by Defendant Espiritu's agents and representatives to a storage facility, had been sold without Plaintiff's knowledge and without compensation paid to Plaintiff," and sought "damages for the conversion of his vehicle by the agents and representatives of Defendant Espiritu." Construing these pleadings liberally and taking all factual assertions as true, we conclude that Grant's pleadings were sufficient to show that Grant had suffered a concrete injury in the form of damage to "his" vehicle and its subsequent disappearance, and that he has a sufficient relationship with the lawsuit to have a justiciable claim.

The evidence presented to and considered by the trial court, however, tells another story. The salvage title showed the Hyundai was owned by Jeff Scott, not Grant. The police accident report, too, identifies Jeff Scott as owner of the Hyundai. Although the name on a certificate of title is not conclusive of ownership, evidence of the name in which an automobile is registered raises a presumption of ownership. *Vibbert v. PAR, Inc.,* 224 S.W.3d 317, 321 (Tex.App. – El Paso 2006, no pet.) (citations omitted). That presumption vanishes only when positive evidence to the contrary is introduced. *Id.* at 321. And, here Grant failed to present any evidence to the contrary.

The trial court heard argument from Grant's counsel that Jeff Scott had gifted the vehicle to Grant but had kept title to the vehicle in his own name to benefit from reduced insurance expenses. But, argument of counsel is not evidence. *Texas Dep't of Pub. Safety v. Mendoza*, 952 S.W.2d 560, 564 (Tex.App. – San Antonio 1997, no writ) ("argument of counsel is not evidence"); s*ee also Texas Dep't of Pub. Safety v. Wiggins*, 688 S.W.2d 227, 230 (Tex.App. – El Paso 1985, no writ)

6

("Unsworn statements and arguments made by Petitioner's attorney are not evidence."). Further, despite having informed the trial court that Scott would be called at trial as a witness, Grant's counsel encouraged the trial court to rule on the motions to dismiss without seeking a continuance for the purpose of presenting positive evidence to rebut the presumption of ownership in Scott.

We recognize that the procedure utilized in addressing a plea to the jurisdiction or motion to dismiss for lack of subject matter jurisdiction generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c). *See Miranda*, 133 S.W.3d at 228. And, we recognize that even in summary judgment proceedings, where the rules provide for strict deadlines in filing responses and supporting evidence, Rule 166a(c) allows a judge to admit late-filed evidence upon "leave of court." In those cases, however, we have held that when a trial court does not expressly grant leave to file supplemental pleadings or evidence, and there is "no affirmative evidence in the record" to indicate that the trial court intended to grant such leave, we must "presume that the trial court did not consider the response, and therefore, we cannot consider it on appeal." *E.B.S. Enter., Inc. v. City of El Paso,* 347 S.W.3d 404, 407-08 (Tex.App. – El Paso 2011, pet. denied); *see also INA of Tex. v. Bryant,* 686 S.W.2d 614, 615 (Tex. 1985) (court would not consider late-filed response to summary judgment motion where "nothing appears of record to indicate that the late filing was with leave of court"). Here, there is no affirmative evidence in the record that the trial court intended to grant leave to consider Grant's late-filed response. In fact, the record affirmatively shows the trial court did not consider Grant's response. The trial court's order granting the motions to dismiss, which was signed four days after Grant filed his post-hearing response, states that in making its ruling, the trial court considered only "the two Motions to Dismiss and the arguments of all counsel[.]"

Accordingly, the only evidence before the trial court showed that Scott retained title to the vehicle and insured the vehicle in his own name. This was significant, undisputed evidence that Scott, not Grant, was the owner of the Hyundai vehicle that formed the basis of all the property damage claims raised by Grant. As title owner of the vehicle and named insured on the insurance coverage policy, Scott was the only person with a justiciable interest in the property damage claims raised in Grant's pleadings. "[A]s a general rule, only those persons may be parties to a suit who have a direct interest therein and for or against whom judgment may be rendered. In the absence of this interest, no person can recover in his own right by alleging a cause of action in another." *Sims v. Citizens State Bank*, 410 S.W.2d 270, 271-72 (Tex.Civ.App. – San Antonio 1966, no writ) (internal citations omitted).

Once the defendants raised the presumption that Grant did not own the vehicle, Grant had the burden to produce some evidence in response showing he had some ownership or possessory interest in the vehicle sufficient to maintain his lawsuit. Grant, however, failed to present any evidence to show that he held any interest in the vehicle that would entitle him personally to recover for damages to the vehicle or for the loss of or loss of use of the vehicle. Grant thus failed to show a justiciable interest in his asserted claims for property damage, loss of use, or conversion of the vehicle. Consequently, the trial court did not err in concluding that Grant lacked standing and that it was without subject matter jurisdiction. Because the trial court correctly dismissed the case for want of jurisdiction, we overrule Grant's sole issue on appeal.

**CONCLUSION**

The trial court's judgment is affirmed.

STEVEN L. HUGHES, Justice

8

July 22, 2015

Before McClure, C.J., Rodriguez, and Hughes, JJ.