**REVERSE and REMAND and Opinion Filed February 6, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00168-CV

**WARREN GATTENBY, Appellant**
**V.**
**TIB-THE INDEPENDENT BANKERSBANK, Appellee**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-12078**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Whitehill
Opinion by Justice Bridges

Appellee TIB-The Independent Bankersbank (the Bank) filed suit against appellant Warren Gattenby. After Gattenby failed to answer, the trial court granted a no-answer default judgment and awarded the Bank $16,935.87 as the principle amount owed, $3,000 in attorney's fees, and conditional attorney's fees for post-judgment appeals. Gattenby filed a motion for new trial, which the trial court denied. On appeal, Gattenby argues the trial court abused its discretion by denying his motion for new trial because he satisfied all three *Craddock* elements. We reverse the trial court's judgment and remand to the trial court for further proceedings.

### Background

According to the Bank's original petition, Gattenby opened a credit account with the Bank on or about October 11, 2013. The Bank sent monthly itemized statements to Gattenby. He

stopped making payments on or about April 12, 2014. The Bank filed suit against Gattenby on September 13, 2017, for breach of contract and account stated seeking damages in the amount of $16,935.87 and requesting $3,000 in attorney's fees.

On October 4, 2017, Gattenby received service of citation. It is undisputed Gattenby failed to timely answer the petition because the petition was accidentally paper-clipped to another file in his attorney's office.

On December 18, 2017, the Bank filed a motion for default judgment. The trial court granted the motion for default judgment on December 19, 2017 and awarded the Bank $16,935.87 in damages, $3,000 in attorney's fees, and conditional attorney's fees for post-judgment appeals.

Gattenby filed a motion for new trial in which he argued failure to answer the lawsuit was an inadvertent mistake and not intentional. He further alleged he has a meritorious defense to the lawsuit because he has never had a financial relationship with the Bank, and the record does not indicate any assignment between the Bank and Town North Bank, the financial institution named on the billing statement, which the Bank attached to its motion for default judgment. Finally, he asserted a new trial will not cause delay, prejudice, or injury to the Bank.

The court held a hearing and indicated it did not believe Gattenby satisfied his burden of setting up a meritorious defense because his affidavit was conclusory. At the conclusion of the hearing, the trial court made the following oral findings:

> For what it's worth, on the record I am making a finding that the first prong of *Craddock* was met, that I do not think that the failure to file was due to conscious indifference, it was a mistake and that. So I think the movant satisfied the first prong. I'll state that on the record. I think it's the second prong that's the problem.

The third *Craddock* element was never contested. The trial court denied Gattenby's motion for new trial on January 22, 2018, and this appeal followed.

**Standard of Review**

We review a trial court's denial of a motion for new trial after a default judgment for an abuse of discretion. *MobileVision Imaging Servs., L.L.C. v. LifeCare Hosp. of N. Tex., L.P.*, 260 S.W.3d 561, 564 (Tex. App.—Dallas 2008, no pet.). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner or without reference to any guiding rules and principles. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

A defendant moving for a new trial after a default judgment must prove the familiar elements from *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124, 126 (Tex. 1939): (1) the defaulting party's failure to answer or to appear was not intentional, or the result of conscious indifference, but was due to a mistake or an accident; (2) the defaulting party has a meritorious defense or claim; and (3) the motion is filed at a time when the granting of a new trial will not occasion delay or work other injury to the prevailing party. When a defaulting party meets all three elements of the *Craddock* test, a trial court abuses its discretion if it fails to grant a new trial. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009). However, if the motion and accompanying affidavits fails to establish each prong of the *Craddock* test, then the trial court's denial of a new trial will be upheld. *Rhodes v. Kelly*, No. 05-16-00888-CV, 2017 WL 2774452, at *8 (Tex. App.—Dallas June 27, 2017, pet. denied) (mem. op.).

**Discussion**

The Bank does not contest the first and third *Craddock* elements; therefore, our analysis will focus on whether Gattenby presented evidence to raise a meritorious defense. Gattenby argues he does not owe the money being sued for, he has never had a financial relationship with the Bank, and there is no evidence in the record indicating an assignment from Town North Bank to the Bank. Thus, he asserts the Bank has no standing to pursue the claim.

–3–

A meritorious defense is one, that if ultimately proved, will cause a different outcome when the case is tried again. *Titan Indem. Co. v. Old S. Ins. Grp., Inc.*, 221 S.W.3d 703, 711 (Tex. App.—San Antonio 2006, no pet.). *Craddock* requires a movant to only "set up" a meritorious defense, not prove the defense. *Cont'l Carbon Co. v. Sea-Land Serv., Inc.*, 27 S.W.3d 184, 191 (Tex. App.—Dallas 2000, pet. denied). Once evidence of a meritorious defense is established, the allegations supporting it must be taken as true in spite of controverting evidence. *Titan Idem. Co.*, 221 S.W.3d at 711. A new trial should not be denied upon any consideration of counter affidavits or contradictory testimony offered in resistance to such motion. *Id*.

Standing is a party's justiciable interest in a controversy. *Town of Fairview v. Lawler*, 252 S.W.3d 853, 855 (Tex. App.—Dallas 2008, no pet.). Only the party whose primary legal right has been breached may seek redress for an injury. *Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 249 (Tex. App.—Dallas 2005, no pet.). Without a breach of a legal right belonging to a plaintiff, that plaintiff has no standing to litigate. *Id*. Here, Gattenby argues, in part, that the Bank lacked standing to sue him because he never had any relationship with the Bank, and the record contains no evidence of any assignment between the financial institutions. He attached affidavits to his motion for new trial with similar statements, and in fact, the record before us does not include evidence of an assignment between these two financial institutions. Rather, the Bank supported its claim for damages with a billing statement from a bank not party to this suit.

To the extent the Bank contends ownership is established because the last four digits of the account listed in its original petition is identical to the last four digits of the account listed on Town North Bank's billing statement attached to the Bank's motion for default judgment, we reject its argument. Separate documents containing the same last four digits of an account is not evidence of an assignment.

The Bank cites two cases to support its argument that it owns the debt and has standing to sue. However, in both cases, the record contained evidence of an assignment of the accounts. *See Eaves v. Unifund CCR Partners*, 301 S.W.3d 402, 405 (Tex. App.—El Paso 2009, no pet.) (concluding Unifund Partners had standing to sue to collect the debt because "[t]he bill of sale from Citibank to Unifund Portfolio conveyed good and marketable title to the account, and more importantly, Unifund Portfolio expressly assigned the rights to collect on the account, including litigation, to Unifund Partners"); *Dulong v. Citibank (S.D.), N.A.*, 261 S.W.3d 890, 894 (Tex. App.—Dallas 2008, no pet.) (concluding Citibank owned the debt based on evidence in financial statement under an "Important Message" heading noting "Universal Bank, N.A. has merged with Citibank"). Such evidence is absent in this case.

To the extent the Bank's attorney indicated during the motion for new trial hearing that the Bank issues cards on behalf of other banks and it "should have attached" this information, the trial court could not consider this contradictory "testimony" as evidence to deny Gattenby's motion. *See Titan Idem. Co.*, 221 S.W.3d at 711. More importantly, argument of counsel is not evidence of an assignment or the Bank's ownership of the debt. *See Grant v. Espiritu*, 470 S.W.3d 198, 203 (Tex. App.—El Paso 2015, no pet.).

Accordingly, we conclude Gattenby "set up" the meritorious defense of standing because the Bank did not present evidence it owned the debt. The Bank has not contested the first and third *Craddock* elements. As such, Gattenby has established he is entitled to a new trial, and the trial court abused its discretion by denying his motion for new trial. *See Dolgencorp of Tex., Inc*, 288 S.W.3d at 926.

## Conclusion

We reverse the trial court's judgment and remand for further proceedings.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

180168F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WARREN GATTENBY, Appellant

No. 05-18-00168-CV       V.

TIB-THE INDEPENDENT
BANKERSBANK, Appellee

On Appeal from the 193rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-17-12078.
Opinion delivered by Justice Bridges.
Justices Brown and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings.

It is **ORDERED** that appellant WARREN GATTENBY recover his costs of this appeal from appellee TIB-THE INDEPENDENT BANKERSBANK.

Judgment entered February 6, 2019.