# NO. 12-19-00036-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CITY OF DALLAS, A SELF-INSURED EMPLOYER,*<br>*APPELLANT* | § | *APPEAL FROM THE 173RD* |
| | § | *DISTRICT COURT* |
| *V.* | | |
| *GREGORY D. THOMPSON,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *OPINION*

City of Dallas, a self-insured employer, brings this permissive interlocutory appeal[1] from the trial court's partial summary judgment rendered in Dallas's suit for judicial review of a final decision and order of the Texas Department of Insurance, Division of Workers' Compensation (DWC). The trial court determined that Dallas is not relieved from liability for past employee Gregory D. Thompson's workers' compensation claim. In two issues, Dallas contends the trial court erred in granting Thompson's cross-motion for summary judgment and denying Dallas's motion for summary judgment. We affirm.

## BACKGROUND

Thompson was employed by Dallas as a firefighter. On August 18, 2010, Thompson reported to Dallas that he received a confirmed diagnosis of testicular cancer. He reported that the cause of his injury was exposure to carcinogens during his career as a firefighter. The date of injury is listed as July 31, 2010. Dallas filed its "PLN-1," or plain language notification, with DWC on August 19, 2010, denying compensability and liability and refusing to pay benefits.

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (West Supp. 2019).

"Employer's First Report of Injury or Illness," dated August 18, 2010, was filed with DWC on August 20, 2010.

Administrative review of the case by DWC proceeded pursuant to requirements of the Texas Workers' Compensation Act. On April 4, 2016, Thompson requested a benefit review conference (BRC) disputing the denial of the compensability of the claim and disability. The BRC was held August 17, 2016, after which four issues remained unresolved. A two-day contested case hearing (CCH) began in October and was completed in December 2016. The Administrative Law Judge (ALJ) determined that Dallas's August 19, 2010 PLN-1 was sufficient to contest compensability of the claimed injury. Further, he determined that Thompson sustained a compensable injury in the form of an occupational disease with a date of injury of July 31, 2010. Finally, the ALJ determined that, although Thompson did not file a claim for compensation within one year of the injury as required by the Texas Labor Code, and did not have good cause for failing to do so, Dallas waived this defense because it did not raise the defense within a reasonable time period after it became available. After a review by a DWC appeals panel, the ALJ's decision and order became final.

Thereafter, Dallas sought judicial review of the DWC ruling, disputing certain findings of fact and conclusions of law. Further, Dallas alleged that the ALJ committed reversible error by erroneously raising the issue of whether Dallas waived the defense of Thompson's failure to timely file his claim. Alternatively, Dallas asserted that it raised the defense of Thompson's failure to timely file his claim for compensation within a reasonable period of time after it became available.

Thompson filed a counterclaim complaining of the ALJ's determination that the PLN-1 was sufficient to contest compensability and that Thompson did not file a claim with the DWC within one year of the injury, and asserting that if he did not file within one year, good cause existed for not doing so. Thompson also requested Dallas pay his attorney's fees.[2]

Dallas filed a motion for summary judgment based on the affirmative defense that Thompson failed, without good cause, to file a claim for compensation with DWC within one year

---

[2] The trial court granted Dallas's plea to the jurisdiction as to Thompson's Section 408.221(c) claim for attorney's fees on the basis of governmental immunity. Thompson appealed that ruling and this court affirmed the trial court's order. *See City of Dallas v. Thompson*, No. 12-19-00032-CV, 2019 WL 2710247, at *2 (Tex. App.−Tyler June 28, 2019, no pet.) (mem. op.).

of the injury. Dallas argued that it did not waive the defense and the ALJ erroneously added the waiver issue.

Thompson filed a cross-motion for summary judgment asserting that the evidence demonstrates as a matter of law that Dallas waived its affirmative defense that Thompson did not file his claim within one year of the injury, Dallas waived its right to contest compensability and disability, and Thompson is entitled to final summary judgment.

In a partial judgment, the trial court denied Dallas's motion for summary judgment and granted Thompson's cross-motion for summary judgment. The court ordered that Dallas is not relieved from liability because of Thompson's failure to file a claim within one year of injury, that Dallas waived the defense of Thompson's failure to timely file a claim because Dallas did not raise the defense within a reasonable period of time after it became available, and affirmed DWC's determinations of the one-year claim defense and carrier waiver issues in favor of Thompson. The court found that the one-year defense and its waiver are controlling questions of law as to which there is a substantial ground for difference of opinion, granted permission to appeal the partial judgment, and ordered a stay of the proceedings pending appeal.[3] The partial judgment states that matters related to the compensability of the injury, disability issues, and Thompson's district court attorney's fees remain undecided and pending in the trial court. This proceeding followed.

## SUMMARY JUDGMENT

In its second issue, Dallas asserts the trial court erred in denying Dallas's motion for summary judgment and granting Thompson's cross-motion for summary judgment because Dallas did not waive its one-year defense. Dallas argues that the waiver issue was not identified at the BRC as an issue raised but not resolved, and the ALJ erroneously added the waiver issue at the CCH. Dallas contends the statutory requisites dictating when an unidentified issue may be raised at the CCH, if the parties consent or the ALJ determines that good cause existed for not raising the issue at the conference, were not met here. Dallas contends the waiver issue was not tried by consent and, no statute or rule requires Dallas to raise the defense "within a reasonable period of time after it became available" as found by the ALJ.

---

[3] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d).

## Standard of Review

We review the trial court's decision to grant summary judgment de novo. ***Tex. Mun. Power Agency v. Pub. Util. Comm'n***, 253 S.W.3d 184, 192 (Tex. 2007). A party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). Once the movant has established a right to summary judgment, the nonmovant has the burden to respond to the motion and disprove or raise an issue of fact that would preclude summary judgment. ***Amedisys, Inc. v. Kingwood Home Health Care, LLC***, 437 S.W.3d 507, 511 (Tex. 2014).

To determine if there is a fact issue, we review the evidence in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could do so and disregarding contrary evidence and inferences unless reasonable jurors could not. ***Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding***, 289 S.W.3d 844, 848 (Tex. 2009). The evidence raises a genuine issue of fact when the evidence rises to a level that would enable reasonable and fair minded jurors to differ in their conclusions in light of all the summary judgment evidence. ***Goodyear Tire & Rubber Co. v. Mayes***, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam).

When both parties move for summary judgment and the trial court grants one motion and denies the other, the appellate court should review both parties' summary judgment evidence and determine all questions presented. ***Tex. Mun. Power Agency***, 253 S.W.3d at 192. The reviewing court should render the judgment that the trial court should have rendered. ***Id***.

## Applicable Law

The Texas Workers' Compensation Act provides exclusive compensation benefits for the work-related injuries of a subscribing employer's employees. TEX. LAB. CODE ANN. § 408.001(a) (West 2006). At the administrative level, disputed claims for benefits proceed through a three-step process: a benefit review conference, a contested case hearing, and an administrative appeal. ***Id***. §§ 410.021-.034, 410.151-.169, 410.201-.209 (West 2006 & Supp. 2019); ***Morales v. Liberty Mut. Ins. Co.***, 241 S.W.3d 514, 516 (Tex. 2007). After administrative remedies are complete, an aggrieved party may seek judicial review. TEX. LABOR CODE ANN. §§ 410.251-.308.

An employee must notify his employer of an injury that is an occupational disease not later than the thirtieth day after the date the employee knew or should have known that the injury may be related to his employment. ***Id***. § 409.001(a). The employee is also required to file a claim for

compensation with DWC, within one year after the date he knew or should have known his injury is an occupational disease related to his employment. *Id*. § 409.003. The one-year period for filing begins to run when the employer files its first report of injury with DWC. *Id*. § 409.008. The failure to file a claim for compensation with DWC relieves the employer of liability unless good cause exists for failure to file a claim in a timely manner, or the employer or its insurance carrier does not contest the claim. *Id*. § 409.004.

Waiver may be asserted as an affirmative defense against a party who intentionally relinquishes a known right or engages in intentional conduct inconsistent with claiming that right. ***Trelltex, Inc. v. Intecx, L.L.C.***, 494 S.W.3d 781, 790 (Tex. App.−Houston [14th Dist.] 2016, no pet.). Silence or inaction, for so long a period as to show an intention to yield the known right, is enough to prove waiver. *Id*. To waive a right impliedly, by acting inconsistently with it or by not acting at all, the right must be assertable at the time the right is waived. ***Segal v. Emmes Capital, L.L.C.***, 155 S.W.3d 267, 281 (Tex. App.−Houston [1st Dist.] 2004, pet. dism'd) (op. on reh'g).

**Analysis**

As required by statute, the benefit review officer identified the issues not resolved at the BRC. *See* TEX. LABOR CODE ANN. § 410.031. Citing Section 409.004, the officer named as an issue the question of whether Dallas is relieved from liability because of Thompson's failure to file a claim within one year of the injury. However, whether Dallas waived its right to claim that defense is not named as an issue remaining to be resolved.

Section 410.151(b) provides, in part, that an issue not raised at the BRC may not be considered at a CCH unless the parties consent or if the ALJ determines that good cause existed for not raising the issue at the BRC. *Id*. § 410.151(b). The ALJ added the issue at the CCH, stating that the issue was actually litigated. Dallas asserts that it objected to trying the waiver issue, and the ALJ erroneously added the issue. Thompson asserts the ALJ correctly considered the carrier waiver issue.

The summary judgment evidence includes the transcript of the two hearings before the ALJ. Thompson was the only witness, and he did not make any comment that can be construed as having anything to do with whether Dallas waived its complaint that he did not timely file a claim. At the first hearing, Thompson offered thirty-three exhibits, Dallas offered thirteen exhibits,

and the ALJ presented four exhibits.[4] None of the parties' exhibits were identified. The ALJ stated that he was including as evidence the benefit review officer's report, a "required information form," "a list of things that's been filed in the case," and a "screenshot from the first sequence in the DRCD," which is dispute resolution contact data. No evidence was offered at the second hearing. The exhibits admitted in the first hearing are not included in the appellate record.

Dallas's motion for summary judgment makes no mention of the CCH exhibits. Thompson, in his cross-motion for summary judgment, identified five of his summary judgment exhibits as having been admitted at the CCH. Assuming Dallas provided a complete CCH record in the trial court, in the absence of the CCH exhibits in the appellate record, we cannot say that the waiver issue was not tried by consent. If pertinent summary judgment evidence considered by the trial court is not included in the appellate record, we must presume that the omitted evidence supports the trial court's judgment. ***Enter. Leasing Co. v. Barrios***, 156 S.W.3d 547, 550 (Tex. 2004) (per curiam). Likewise, assuming Dallas provided to the trial court only the portion of the CCH record contained in the appellate record, it could not have met its burden to prove as a matter of law that the ALJ erroneously found the waiver issue was tried by consent. We acknowledge that Dallas objected when, in argument, counsel for Thompson attempted to present the issue to the ALJ. Argument is not evidence, and the presence of the objection does not meet or extinguish Dallas's burden to prove the issue was not tried by consent. *See **Grant v. Espiritu***, 470 S.W.3d 198, 203 (Tex. App.−El Paso 2015, no pet.). Accordingly, we conclude that Dallas did not meet its burden to show as a matter of law that the ALJ erroneously added the waiver issue.

Next, Dallas contends the issue of whether Dallas waived its defense that Thompson failed to timely file his claim "has no basis in law." The ALJ determined that Dallas waived its defense because it was not raised within a reasonable period of time after it became available. Dallas argues that no statute or rule provides for application of this standard, and the ALJ's creation of a time period to establish waiver of an affirmative defense is arbitrary and capricious and must be stricken. We disagree.

There is no statute or rule that explicitly identifies the point at which an employer or carrier loses its right to assert the affirmative defense of a claimant's failure to file his claim in one year from the date of the injury. Thompson does not try to defend the ALJ's "within a reasonable period

---

[4] The transcript of the hearing reflects that the ALJ presented four exhibits while the ALJ's decision states that he presented two exhibits.

6

of time after it became available" language. Instead, Thompson asserts that the "one year to file a claim" dispute concerns payment of benefits and is therefore a compensability dispute that must be raised in a timely PLN-1, and since Dallas did not do that, the defense is waived. Apparently, he relies on Section 409.021(c) which states that if the carrier does not contest compensability of an injury before the sixtieth day after it is notified of the injury, it waives the right to contest compensability. *See* TEX. LABOR CODE ANN. § 409.021(c) (West Supp. 2019). Further, Thompson apparently relies on Section 409.022 which states that the grounds for refusal specified in the carrier's notice of refusal to pay benefits constitute the only basis for the carrier's defense on the issue of compensability, unless the defense is based on newly discovered evidence. *See id*. 409.022(b). Dallas's notice of refusal, filed within sixty days after Thompson notified it of his injury, did not name the one-year defense. Also citing Section 409.021(c), Dallas responds that the one-year defense is not a denial based on non-compensability or lack of coverage; it is an assertion of "relief of liability." We decline to address the question of whether the one-year defense is an issue of compensability.

In accordance with the Code Construction Act, we defer to the Workers' Compensation Commission's interpretation of its own rules, as long as its interpretation is reasonable. ***Rodriguez v. Serv. Lloyds Ins. Co.***, 997 S.W.2d 248, 257 (Tex. 1999) (Phillips, J., concurring); ***Tex. Mut. Ins. Co. v. Vista Cmty. Med. Ctr.***, 275 S.W.3d 538, 548 (Tex. App.–Austin 2008, pet. denied). It is undisputed that the timely filing requirement of Section 409.003 can be waived. *See* Appeal No. 060631-s, 2006 WL 1593919, at *3 (Tex. Work. Comp. Com. May 30, 2006). We acknowledge that some appeals panel decisions have involved the question of whether the carrier waived its one-year defense and cited Sections 409.021 and 409.022. It is not clear that those decisions support Thompson's argument, and we decline to decipher their meaning or discuss their applicability. *See* Appeal No. 94781, 1994 WL 445766, at *3 (Tex. Work. Comp. Com. Aug. 3, 1994) (stating that failure to contest compensability within sixty days does not control the question of contesting the time of filing a claim). Under the facts of this case, it is not reasonable to apply Sections 409.021 and 409.022 here. To do so would require Dallas to name the one-year defense as a ground for refusing to pay benefits in the notice that it filed with DWC on August 20, 2010, one year before the defense became available. *See Segal*, 155 S.W.3d at 281 (held that to waive a right impliedly, the right must be assertable at the time the right is waived). Further, there is authority for rejecting Thompson's assertion that the defense must be included in the carrier's

PLN-1. *See* Appeal No. 081065-s, 2008 WL 4371946, at \*3 (Tex. Work. Comp. Com. Sept. 22, 2008) (Appeals panel affirmed, without discussion, ALJ determination that self-insured did not waive its right to contest compensability of the claimed injury by not specifically stating in the PLN-1 that its dispute was based upon the claimant's failure to timely file a claim for compensation within one year in accordance with Sections 409.021 and 409.022).

Contrary to Dallas's assertion that the ALJ's determination was an arbitrary ad hoc ruling, Workers' Compensation appeals panels have for years determined that the defense of the claimant's failure to file within one year must be raised in a reasonable period of time. *See* Appeal No. 090075, 2009 WL 909268, at \*4 (Tex. Div. Work. Comp. March 26, 2009); Appeal No. 031719, 2003 WL 22293520, at \*2 (Tex. Work. Comp. Com. Aug. 11, 2003); Appeal No. 013100, 2002 WL 34360742, at \*2 (Tex. Work. Comp. Com. Feb. 6, 2002).

Thompson first reported his injury to Dallas on August 18, 2010. Dallas's first report of injury was filed with DWC on August 20, 2010. Therefore, the late-filing defense became available to Dallas on August 20, 2011. *See* TEX. LABOR CODE ANN. § 409.008. There is no written document asserting the defense in the record. The ALJ found that Thompson requested a BRC in April 2016. In briefing, Thompson asserts that he requested the BRC on May 14, 2016. Dallas's attorney stated on the record at the CCH that Dallas raised the defense at the BRC, which was held August 17, 2016. The record does not include an explanation for the five-year delay between the time the defense became available and when it was asserted. Inaction for a long period can prove waiver. ***Trelltex, Inc.***, 494 S.W.3d at 790.

Appeals panel decisions have held that matters first disputed at a BRC on grounds that would have been apparent within a short time after the one-year anniversary of the date of injury have not been raised within a reasonable amount of time. *See* 2009 WL 909268, at \*4 (affirming hearing officer's decision that, where self-insured first raised the complaint that claimant failed to file claim with DWC before first anniversary of date of decedent's death at a BRC, self-insured did not raise the defense within a reasonable period of time after discovery of facts indicating that defense, and waived its right to that defense; striking that portion of hearing officer's decision that the self-insured waived its right to dispute claim in accordance with Sections 409.021 and 409.022); 2003 WL 22293520, at \*2 (where notice of injury and carrier's refusal were filed before one year anniversary of date of injury, and claim was untimely when filed, complaint of

8

untimeliness made four months after claim was filed, at BRC, was not made within a reasonable time).

The record supports the ALJ's determination that Dallas did not raise its defense regarding Thompson's failure to file a claim within one year of his injury within a reasonable amount of time after it became available. Therefore, Thompson showed as a matter of law that Dallas waived its one-year defense. Accordingly, the trial court did not err in denying Dallas's motion for summary judgment and granting Thompson's cross-motion for summary judgment. *See* TEX. R. CIV. P. 166a(c). We overrule Dallas's second issue. We need not address Dallas's first issue wherein it asserts it was relieved of liability because Thompson failed to timely file a claim for compensation with DWC within one year of the injury. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

Having determined that the trial court properly denied Dallas's motion for summary judgment and properly granted Thompson's cross-motion for summary judgment, we ***affirm*** the trial court's partial summary judgment.

**BRIAN HOYLE**
Justice

Opinion delivered March 25, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

9



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 25, 2020**

**NO. 12-19-00036-CV**

**CITY OF DALLAS, A SELF-INSURED EMPLOYER,**
Appellant
V.
**GREGORY D. THOMPSON,**
Appellee

Appeal from the 173rd District Court

of Henderson County, Texas (Tr.Ct.No. CV17-0187-173)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **CITY OF DALLAS, A SELF-INSURED EMPLOYER**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*