

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00037-CV
_____

SHAWN EHMANN, APPELLANT

V.

TANNER CHASE, APPELLEE

On Appeal from the 31st District Court
Roberts County, Texas
Trial Court No. 2247, Honorable Steven Ray Emmert, Presiding

February 3, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Tanner Chase sued Shawn Ehmann for conversion of a vehicle and declaratory judgment. The trial court granted summary judgment for Chase, from which Ehmann appeals. We affirm.

Background

Chase purchased a 1993 Dodge pickup from Eric Bergquist in December of 2019 for $6,000. In June of 2020, Chase was incarcerated in the Ochiltree County Jail after

being found in contempt of court in an unrelated matter. During Chase's incarceration, his attorney parked the pickup in a yard by a shop building he owned in Perryton. He placed the keys to the vehicle in a desk in his shop building. An acquaintance of Chase's, Kaci Courson, was living in an apartment at the building. Courson had been living with Chase in another home prior to his incarceration.

Around thirty to sixty days after parking the vehicle, the attorney noticed that it was missing. He asked Courson where the vehicle was and she told him she had moved it to the farm of a family friend. However, in mid-September of 2020, the attorney learned that Courson had sold the vehicle. He reported it as stolen.

Chase was released from jail on or about October 13, 2020. After hearing that Ehmann had possession of the vehicle, he contacted Ehmann. Ehmann took the position that Courson had sold the pickup to him and had the authority to do so. He declined the demands made by Chase and Chase's attorney to return the pickup.

In November of 2020, Chase sued Ehmann for conversion. Ehmann, proceeding pro se, filed an answer to Chase's complaint. Chase amended his pleadings to request a declaration under the Declaratory Judgment Act that he is the owner of the pickup; he pled conversion as an alternative claim. On December 21, 2020, Chase filed a motion for summary judgment seeking possession of and title to the pickup. The motion was supported by affidavits from Bergquist, Chase, and Chase's attorney. Shortly thereafter, the trial court set the motion for submission on January 25, 2021, stating that no oral hearing had been requested and none was necessary. The trial court notified Ehmann that any response should be filed seven days prior to submission.

2

On January 5, 2021, Ehmann filed a response to Chase's motion for summary judgment which read in full, "As I represent myself I ask the judge to set a court hearing because everyone I talk to and myself believe I have done nothing wrong. Thank you. I will not settle out of court."[1]

On January 25, 2021, the trial court signed a judgment granting Chase's motion. The judgment recited that the trial court reviewed the pleadings, the motion, the affidavits and documentary evidence offered in support of the motion, "and the lack of a Response." The judgment ordered Ehmann to deliver possession of the pickup to Chase, to execute any legal documents necessary to place title in Chase's name, and to pay Chase $5,000 in attorney's fees and costs. Ehmann brought this appeal.

## Standard of Review

We review the trial court's grant of summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). A traditional motion for summary judgment requires the moving party to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Provident Life*, 128 S.W.3d at 215-16. If the movant carries this burden, the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). In reviewing the grant of summary judgment, we credit evidence favoring the nonmovant, indulging every

---

[1] The record on appeal does not show that Ehmann brought his response to the trial court's attention.

reasonable inference and resolving all doubts in his favor. *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995).

## Analysis

Ehmann raises six issues on appeal, arguing that Chase lacks standing to pursue his claims, Chase failed to prove his conversion claim, genuine issues of material fact preclude summary judgment, the trial court improperly disregarded Ehmann's response to Chase's motion for summary judgment, Ehmann is a bona fide purchaser, and the trial court erred by awarding attorney's fees to Chase. We address each issue in turn.

<u>Chase's Standing to Sue</u>

By his first issue, Ehmann asserts that Chase lacked standing to sue him because he is not listed as the owner on the vehicle's certificate of title. A challenge to the plaintiff's standing is a question of law we review de novo. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 149-50 (Tex. 2012). Although Ehmann never raised standing in the trial court, he may raise the issue for the first time on appeal because standing implicates the trial court's subject matter jurisdiction. *See Nootsie, Ltd. v. Williamson Cty. Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996). If a plaintiff lacks standing to bring his claims, the court must dismiss the action for want of jurisdiction. *Heckman*, 369 S.W.3d at 150-51.

Standing requires a concrete injury to the plaintiff. *Id.* at 154. Under Texas law, the inquiry into standing begins with the plaintiff's alleged injury. *Id.* at 155. The plaintiff must plead facts demonstrating that he, rather than a third party, suffered the injury. *Id.* The inquiry "requires careful judicial examination of a complaint's allegations to ascertain

4

whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *Id.* at 156 (quoting *Allen v. Wright*, 468 U.S. 737, 752, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984)).

Ehmann relies on *Grant v. Espiritu*, 470 S.W.3d 198, 201-02 (Tex. App.—El Paso 2015, no pet.), as support for his argument that Chase lacks standing to sue because title to the pickup is not in Chase's name. However, a complete reading of *Grant* reveals that the case does not support Ehmann's position. Although *Grant* explains that evidence showing a vehicle is titled in a person's name raises a presumption that he owns the vehicle, it also clarifies that the name in which a vehicle is titled is not conclusive of ownership. *Id.* at 202. The presumption of ownership can be overcome by positive evidence to the contrary. *Id.*; *see also Perry v. Breland*, 16 S.W.3d 182, 186 (Tex. App.—Eastland 2000, pet. denied) (name on certificate of title is not conclusive of ownership); *Kelly v. Circle K Corp.*, No. 01-87-00778-CV, 1988 Tex. App. LEXIS 2625, at *3 (Tex. App.—Houston [1st Dist.] Oct. 27, 1988, writ denied) ("owner" of vehicle may be someone other than person named on certificate of title); *Minter v. Joplin*, 535 S.W.2d 737, 738 (Tex. Civ. App.—Amarillo 1976, no writ) (name on vehicle's title raises rebuttable presumption of ownership that may be rebutted by evidence to the contrary).

In *Grant*, the vehicle at issue was not titled in the plaintiff's name and the plaintiff failed to produce evidence showing he had some ownership or possessory interest in the vehicle sufficient to maintain his lawsuit. *Grant*, 470 S.W.3d at 203. Here, unlike the plaintiff in *Grant*, Chase produced uncontroverted evidence from Bergquist, who is listed as the owner of the vehicle on the certificate of title issued by the State of Oklahoma, that Bergquist signed the certificate of title indicating his assignment of title to Chase on

5

December 4, 2019. Bergquist attested that he received full payment from Chase for the vehicle and that "[b]oth legal title to and possession of the pickup were delivered" by him to Chase. Additionally, Chase attested that he purchased the pickup from Bergquist and that, prior to his confinement in the Ochiltree County Jail, he was in the process of changing title to the pickup so that it would be registered in Texas rather than Oklahoma. Chase had possession of the vehicle from the time he purchased it in December of 2019 until his incarceration in June of 2020.

Therefore, we conclude that Chase met his burden to produce some evidence showing he holds an interest in the vehicle sufficient to give him a justiciable interest in the claims asserted in his lawsuit. *See id.* at 203-04. We overrule Ehmann's first issue.[2]

Chase's Claim for Conversion

By his second issue, Ehmann contends that summary judgment should have been denied because Chase failed to produce evidence satisfying the elements of conversion. Chase did not, however, seek summary judgment on his cause of action for conversion, wherein he sought damages equal to the fair market value of the pickup. Instead, Chase's motion asserted that Ehmann did not acquire good title to the pickup as a matter of law. He sought a judgment awarding him title to and possession of the vehicle, along with attorney's fees. Because Chase did not seek summary judgment on his conversion claim,

---

[2] Because resolution of Ehmann's first issue requires us to determine only whether Chase has standing, we need not address Ehmann's arguments concerning Chase's compliance with the Texas Certificate of Title Act.

Ehmann's second issue is irrelevant and we need not address it on appeal. *See* TEX. R. APP. P. 47.1.

Genuine Issues of Material Fact

By his third issue, Ehmann asserts that the trial court erred in granting summary judgment because genuine issues of material fact exist. First, Ehmann generally complains that Chase and Chase's attorney are interested witnesses whose affidavits cannot support summary judgment. A complaint that an affidavit is by an interested witness is an objection to form that is waived if not raised in the trial court. *See Threlkeld v. Urech*, 329 S.W.3d 84, 88 (Tex. App.—Dallas 2010, pet. denied). Ehmann made no objection to the affidavits in the trial court and, therefore, may not raise this objection on appeal. *Id.*

Next, Ehmann attempts to raise fact issues in his brief by, for example, hypothesizing that Chase could have received money from Courson for the pickup, or that Courson's grandfather may have purchased the pickup for Courson. Ehmann speculates that there are a variety of factual scenarios under which Chase might not be entitled to summary judgment. However, Ehmann did not present these arguments, or any evidence to support them, to the trial court in his response to Chase's motion for summary judgment. Issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal. TEX. R. CIV. P. 166a(c); *Cook-Pizzi v. Van Waters & Rogers, Inc.*, 94 S.W.3d 636, 643 (Tex. App.—Amarillo 2002, pet. denied). In sum, Ehmann did not bring forth any material facts to preclude the trial court from granting summary judgment.

7

Moreover, as to Ehmann's claim that more discovery was necessary to allow him to prepare his defenses, Ehmann failed to preserve this complaint by not requesting a continuance. *See Alco Realty v. Coastal Horizons Inv., LLC*, No. 01-17-00984-CV, 2018 Tex. App. LEXIS 10012, at *7 (Tex. App.—Houston [1st Dist.] Dec. 6, 2018, no pet.) (mem. op.) (party that did not move for continuance or otherwise object to timing of motion's submission did not preserve issue for appellate review). Therefore, we overrule his third issue.

<u>Ehmann's Response to Chase's Motion</u>

By his fourth issue, Ehmann argues that the trial court erred by disregarding his timely filed summary judgment response. First, Ehmann asserts that the judgment should be reversed because he was denied an opportunity to present evidence at a hearing. This argument fails. The record contains no indication that Ehmann ever brought his response or his desire for a hearing to the attention of the trial court. That a document is filed with a court's clerk does not necessarily mean that the judge is aware of it. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001) (orig. proceeding) (where record did not show trial court was aware of motion, appellate court could not find trial court abused discretion in allegedly failing to act on motion). Because Ehmann did not show that the trial court was made aware of his desire for a hearing, we cannot fault the trial court for failing to give him one. *See id.*

Second, Ehmann argues that his response itself raised a genuine issue of material fact because it recites that he has "done nothing wrong." This argument also fails. It is

well settled that pleadings are not competent evidence, even if sworn or verified.[3] *Laidlaw Waste Sys. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995); *Hidalgo v. Surety Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex. 1971). The response filed by Ehmann does not constitute proper summary judgment proof and thus cannot be considered in determining whether fact issues were expressly presented in the summary judgment proceeding. *Billington v. Lamberson*, 190 S.W.3d 115, 118 (Tex. App.—Amarillo 2005, no pet.). Because Ehmann's response failed to raise any fact issue or present any reason Chase was not entitled to judgment, we overrule his fourth issue.

Bona Fide Purchaser Status

By his fifth issue, Ehmann urges that he is a bona fide purchaser with a superior ownership interest over Chase. Ehmann recites that, under Texas law, a buyer in the ordinary course of business who purchases a vehicle in good faith and with no knowledge that someone else may have an interest in the vehicle takes a priority interest as a bona fide purchaser over someone not listed on the title. *See First Nat'l Bank v. Buss*, 143 S.W.3d 915, 920 (Tex. App.—Corpus Christi 2004, pet. denied). Chase responds that Ehmann waived this argument by failing to plead bona fide purchaser status at trial.[4] We agree with Chase.

---

[3] Ehmann's response was not sworn or verified, nor was any evidence attached to it. There is also no indication in the record that it was served on Chase as required by Rule 166a.

[4] Chase also argues that this defense is unavailable to Ehmann because he does not meet all the requirements of a bona fide purchaser. We need not reach the merits of this argument since Ehmann has failed to preserve the issue for our review.

Status as a bona fide purchaser is an affirmative defense. *Madison v. Gordon*, 39 S.W.3d 604, 606 (Tex. 2001) (per curiam). Generally, an affirmative defense must be pled in a responsive pleading or it is waived. *See* TEX. R. CIV. P. 94; *MAN Engines & Components, Inc. v. Shows*, 434 S.W.3d 132, 136-37 (Tex. 2014) (affirmative defenses must be raised in pretrial pleadings); *Shoemake v. Fogel, Ltd.*, 826 S.W.2d 933, 937 (Tex. 1992) (affirmative defenses waived if not pled). Given this, it was necessary for Ehmann to affirmatively plead his status as a bona fide purchaser. However, he did not raise the defense in any of his pleadings. Because Ehmann failed to plead this affirmative defense, he has waived this argument.

Attorney's Fees

By his final issue, Ehmann asserts that Texas law does not permit the recovery of attorney's fees for a conversion action. He complains that "Chase's ultimate cause of action is conversion" and he has improperly recast that claim into one for declaratory relief for the purpose of recovering attorney's fees. But Ehmann does not direct us to any place in the record where he presented this argument to the trial court. In the context of summary judgments, "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." *Wells Fargo Bank, N.A. v. Murphy*, 458 S.W.3d 912, 916 (Tex. 2015). In order to preserve an error for appeal, "[c]omplaints and argument on appeal must correspond with the complaint made at the trial court level." *Isaacs v. Bishop*, 249 S.W.3d 100, 113 n.13 (Tex. App.—Texarkana 2008, pet. denied); *see* TEX. R. APP. P. 33.1. Because Ehmann failed to present this argument to the trial court, it has been waived. *Wells Fargo Bank*, 458 S.W.3d at 916. Accordingly, we overrule this issue.

10

<u>Chase's Request for Sanctions</u>

In a cross-point, Chase requests that this Court determine that Ehmann's appeal is frivolous and issue a show cause order giving Ehmann's counsel a reasonable opportunity to show otherwise. Chase seeks $19,687.50 as damages, corresponding to the attorney's fees he has incurred responding to Ehmann's appeal.

Under Rule 45, this Court is authorized to award a prevailing party "just damages" if we determine an appeal is frivolous. TEX. R. APP. P. 45. "An appeal is frivolous when the record, viewed from the perspective of the advocate, does not provide reasonable grounds for the advocate to believe that the case could be reversed." *Owen v. Jim Allee Imports, Inc.*, 380 S.W.3d 276, 290 (Tex. App.—Dallas 2012, no pet.) (citing *Smith v. Brown*, 51 S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001, pet. denied)). Any award of damages under Rule 45 is discretionary, must be made with prudence, and requires careful deliberation. *Christian v. Taylor*, No. 07-03-00086-CV, 2005 Tex. App. LEXIS 3201, at *7 (Tex. App.—Amarillo Apr. 27, 2005, no pet.) (mem. op.). We must review the record from the appellant's point of view at the time he filed his appeal and decide whether he had any reasonable grounds upon which to believe the case would be reversed. *Id.* With these considerations in mind, we deny Chase's request for sanctions.

Conclusion

We overrule all of Ehmann's issue on appeal and deny Chase's request for sanctions. The judgment of the trial court is affirmed.

Judy C. Parker
Justice